McKinley Dale THOMAS,
Plaintiff–Appellant,

v.

Ted KIPPERMANN, et al.,
Defendants–Appellees.

No. 87–6048.

United States Court of Appeals,
Fifth Circuit.

June 9, 1988.

McKinley Dale Thomas, pro se.

John W. Mahoney, Anthony F. Loria, Asst. Co. Attys., Houston, Tex., for Heard.

John Schnellbacher, Houston, Tex., for Kippermann.

Joan E. Porter, Mark F. Elvig, Asst. Co. Attys., Houston, Tex., for Norman.

Before REAVLEY, KING, and JOLLY, Circuit Judges.

PER CURIAM:

Appellant McKinley Dale Thomas moves this Court for leave to appeal in forma pauperis from the district court's dismissal, following an evidentiary hearing, of his 42 U.S.C. § 1983 civil rights suit. Such leave will be granted if the appeal raises an issue of arguable merit, that is, if the appeal is not frivolous. *Howard v. King*, 707 F.2d 215, 220 (5th Cir.1983); *Jackson v. Dallas Police Dept.*, 811 F.2d 260, 261 (5th Cir.1986).

Thomas brought this pro se § 1983 civil rights suit against Officer Ben Norman of the Houston Police Department, Mr. Ted Kippermann, owner of a pawn shop in Houston, and Sheriff Jack Heard, Harris County Sheriff. Thomas alleges that the defendants engaged in an elaborate conspiracy that involved the use of false and misleading wanted posters, theft, bribery, and extortion and resulted in his being defamed, falsely arrested, falsely imprisoned, maliciously prosecuted, deliberately denied medical care, and in an illegal search and seizure of his property.

The district court held a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985) to more fully evaluate Thomas's claims. Thereafter, the district court dismissed Thomas's complaint with prejudice pursuant to Rule 12, Fed.R.Civ.P., and 28 U.S.C. § 1915(d) finding that § 1983 did not provide Thompson with a cause of action for either of his claims of defamation or denial of medical care. With regard to Thomas's allegations of false arrest, false imprisonment, malicious prosecution, and illegal search and seizure the district court simply stated that Thomas's complaint "fails to state a claim under § 1983 that survives the threshold requirement of presenting a plausible federal question of substance."

Concerning Thomas's complaint of defamation, he alleges that Norman and Kippermann placed his name and photograph on false and misleading wanted posters, and caused a newspaper to print false information about himself and his family. This, Thomas alleges, destroyed his life, pride, respect, family's happiness, and endangered his life. Such allegations merely implicate Thomas's reputation and are insufficient to establish a cause of action under § 1983. Damage to one's reputation alone, apart from some more tangible interest such as employment, does not implicate any "property" or "liberty" interest sufficient to invoke the due process clause. More must be involved than defamation to establish a § 1983 claim under the fourteenth amendment. *Paul v. Davis*, 424 U.S. 693, 701, 712, 96 S.Ct. 1155, 1160, 1166, 47 L.Ed.2d 405 (1976); *see Cook v. Houston Post*, 616 F.2d 791, 794 (5th Cir. 1980). Accordingly, the district court did not err in dismissing Thomas's claim of defamation.

Concerning Thomas's complaint of denial of medical care, he alleges that Sheriff Heard deliberately denied him his prescribed "mental medication" during the six months he was in the Harris County Jail. For Thomas, a pretrial detainee during the time he was in the Harris County Jail, to establish a claim for denial of medical care he must show a denial of "reasonable medical care unless the failure to supply that care is reasonably related to a legitimate

governmental objective." *Cupit v. Jones,* 835 F.2d 82, 85 (5th Cir.1987). This standard is based on the due process clause of the fourteenth amendment. *Id.* at 84. The district court denied Thomas's claim based on the eighth amendment standard for medical care due convicted prisoners set forth in *Estelle v. Gamble,* 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The district court found that the record contained no basis for his claim and that Thomas's allegations pointed at most to negligence which would not support a § 1983 action.

■ Thomas's allegations of denial of reasonable medical care implicate more than mere negligence. Thomas's claim could meet the standard of denial of reasonable medical care if he told jail authorities that he needed his prescribed medication (as he alleged at his *Spears* hearing) and if they did not have him examined or otherwise adequately respond to his requests. There is no indication that the district court had before it Thomas's medical records from the Harris County Jail. Absent these records, the record before the district court was inadequate to rebut Thomas's allegations sufficiently to support either Rule 12 or § 1915(d) dismissal on this point.

■ Claims of false arrest, false imprisonment, and malicious prosecution involve the guarantees of the fourth and fourteenth amendments when the individual complains of an arrest, detention, and prosecution without probable cause. *See Wheeler v. Cosden Oil and Chemical Co.,* 734 F.2d 254, 260 (5th Cir.1984); *Reeves v. City of Jackson,* 608 F.2d 644, 650 (5th Cir.1979); *see generally Malley v. Briggs,* 475 U.S. 335, 106 S.Ct. 1092, 89 L.Ed.2d 271 (1986); *Baker v. McCollan,* 443 U.S. 137, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979). Thomas asserts that the information which formed the basis for his arrest, detention, and prosecution was maliciously supplied by Norman with the knowledge that it was false. Therefore, he asserts that his arrest, detention, and prosecution were without probable cause. This Court has specifically held that such allegations state a claim of false arrest, false imprisonment,

and malicious prosecution under § 1983. *Wheeler,* 734 F.2d at 260. Accordingly, the district court erred in finding that Thomas's claims of false arrest, false imprisonment, and malicious prosecution did not state a claim of denial of a right secured by the Constitution or laws of the United States.

■ Likewise, the district court erred in finding that Thomas's claims of an illegal search and seizure failed to state a claim redressable under § 1983. Thomas alleges that Norman broke down the front door of his home, arrested him, conducted a warrantless search of his home, and seized $500 in cash and a 20 pound sledge hammer. By alleging the warrantless search of his home by Norman, a state police officer, and the seizure of some of his personal property, Thomas has sufficiently alleged a violation of his fourth amendment rights. *See Watts v. Graves,* 720 F.2d 1416, 1419–20 (5th Cir.1983).

Therefore, Thomas's appeal raises nonfrivolous issues and leave to appeal in forma pauperis is GRANTED. Furthermore, the judgment of the district court with regard to Thomas's assertions of defamation is AFFIRMED. The judgment of the district court concerning Thomas's allegations of false arrest, false imprisonment, malicious prosecution, illegal search and seizure, and denial of reasonable medical care is VACATED and the case REMANDED for complete consideration of those claims. Thomas's motion for appointment of counsel on appeal is DENIED.

The record reveals that the district court did not abuse its discretion in not entering default judgment against Kippermann for his delay in responding to Thomas's complaint, in denying Thomas's motion to amend his complaint to add the director of the Houston office of the F.B.I. and the U.S. Attorney for the Southern District of Texas as defendants, or in not appointing counsel to represent him after being shown that he suffers from a mental disease. Furthermore, Thomas's assertions that his case was improperly transferred from Judge Black to Judge Hughes and that Judge Hughes lacked authority to preside

over his case are completely without merit. In the light of the disposition of this appeal, Thomas's other claims need not be addressed.

E. GRADY JOLLY, Circuit Judge, specially concurring in remand:

I concur in granting IFP and remanding this case for further development of Thomas's claims for false arrest, malicious prosecution, false imprisonment and illegal search and seizure. I would deny IFP status, however, on the issue of deliberate denial of medical care because Thomas fails to allege any actual injury and claims no actual damages. The substance of this issue turns only upon the district court's reliance on *Estelle v. Gamble,* which involved the rights of convicted prisoners rather than on *Cupit v. Jones,* which states the proper standard applied to pretrial detainees. Even assuming that the district court had applied the correct standard, however, it is most unlikely that Thomas could prevail on the merits, and this claim could properly have been dismissed under section 1915(d). We should not take up further court time on this issue.