### Angela BARTHOLOMEW, Et Al., Plaintiff–Appellants,

v.

### Harry LEE, Et Al., Defendants,

### Jim Wilson and Associates, Inc., etc., et al., Defendants–Appellees.

### No. 88–3882
### Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Dec. 1, 1989.

Susanne B. Weiner, Jernigan & Weiner, New Orleans, for plaintiffs-appellants.

James S. Thompson, Porteous, Hainkel, Johnson & Sarpy, New Orleans, La., for Wilson & Assoc. and Gene Knight.

Before GEE, DAVIS and JONES, Circuit Judges.

PER CURIAM:

Appellants, arrested by Jefferson Parish deputies for creating a disturbance in a Marrero, Louisiana, shopping mall, appeal from a summary judgment in their attempted civil rights action against the mall that neither it nor its employees acted under color of state law in the premises. The only contention seriously advanced for reversal is that the mall's security guards acted "in concert" with the deputies, so that their actions constituted those of the

---

**11.** *See Madison Cty. v. United States Dept. of*   *Justice,* 641 F.2d 1036, 1039–41 (1st Cir.1981).

state. We have upheld that theory of recovery in several decisions, of which a representative example is *Smith v. Brookshire Brothers, Inc.,* 519 F.2d 93 (5th Cir. 1975).

■ Crucial to making out a case on such a theory, however, is a finding that the state police acted according to a preconceived plan and on the say-so of the private actor, not on the basis of their own investigation:

> The plaintiffs had to show that the police and the store managers were acting in concert; that Brookshire and the police had a customary plan whose result was the detention in the present case. *Adickes v. Kress & Co.,* 1970, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142.

> The district court decided that such a plan had been evidenced: "The arrests by the Police Department of the City of Lufkin were made without the filing of a valid complaint and without any investigation, *all of which was pursuant to said preconceived plan.*" (Finding of Fact 4; emphasis added). We do not believe that such a finding is clearly erroneous. Many colloquies at trial gave testimony to the proposition that Brookshire officials knew that they could have people detained merely by calling the police and designating the detainee.

*Smith, Id.* at 94.

■ Appellants point to no evidence whatever demonstrating the existence of a customary or preconceived plan by which the mall defendants could have persons detained merely by designating them to the police. This is dispositive; but even were it not, the sole evidence offered that such a thing even occurred (whether or not pursuant to a preconceived plan) is testimony by the back-up Parish deputy that, as appellants' brief accurately puts it, "the plaintiffs were arrested in part for the incident in the mall and at the request of the [mall] security personnel, and not *wholly* based on any independent observations of the officers." (emphasis added).

This is insufficient to make an issue of material fact. The arresting officer testified, again in the words of appellants'

brief, "that she arrested plaintiffs for disturbing the peace and simple battery, based on what she observed in the hall of the mall." If this be taken as an assertion that she acted upon the basis of her observations alone, then the testimony of the backup deputy does make a factual issue with it whether an additional basis for the arrest was the statements and request of the mall security personnel. Such an issue is not, however, a material one; as we observed in a decision subsequent to *Smith, supra:*

> Plaintiff argues that there was evidence of an arrangement with the police because the police officer relied on a report prepared by defendant. Unless he were an eye-witness, a police officer could not make any arrest if he could not rely on information provided by citizens who witnessed the events. Such reliance does not convert the informing party into a state actor. Plaintiff's reliance on *Smith v. Brookshire Bros., supra,* is thus misplaced. The vice in *Smith* was that the police, pursuant to a "preconceived plan," would arrest any person merely because he was designated for arrest by the store owner. *See* 519 F.2d at 94–95; *see also Duriso v. K–Mart,* 559 F.2d 1274, 1277–78 (5th Cir.1977). There was no similar abdication of state authority shown here; the uncontradicted evidence was that the police officer made his own determination of cause to arrest. *See White v. Scrivner,* 594 F.2d [140] at 143–44 [5th Cir.1979].

*Hernandez v. Schwegmann Brothers Giant Supermarkets, Inc.,* 673 F.2d 771, 772 (5th Cir.1982).

We have carefully examined appellants' other points for reversal and conclude that none requires discussion.

AFFIRMED.