**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 98-20563**
**Summary Calendar**

_____

**JOHNNIE JONES; HARVELLA JONES,**

**Plaintiffs-Appellants,**

**versus**

**UNION PLANTERS MORTGAGE CORPORATION (formerly**
**Leader Federal Bank for Savings),**

**Defendant-Appellee.**

---

**Appeal from the United States District Court**
**for the Southern District of Texas**
**(No. H-98-CV-818)**

---

**August 4, 1999**

Before SMITH, BARKSDALE, and PARKER, Circuit Judges.

PER CURIAM:[*]

Johnnie and Harvella Jones appeal the district court's dismissal of their complaint and the denial of their motions for entry of a default judgment and reconsideration of the denial of the motion for entry of a default judgment.

Denial of a motion for a default judgment is reviewed for an abuse of discretion. *See* **Thomas v. Kippermann**, 846 F.2d 1009, 1011 (5th Cir. 1988); **Mason**, 562 F.2d at 345. In that entry of a

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

- 1 -

default judgment is committed to such discretion, a plaintiff is not entitled to a default judgment as a matter of right, even when the defendant is technically in default.  *See **Ganther v. Ingle***, 75 F.3d 207, 212 (5th Cir. 1996); ***Mason v. Lister***, 562 F.2d 343, 345 (5th Cir. 1977).  In the light of the service of process issues, the district court did not abuse its discretion in denying the default judgment motions.

The ruling on a Rule 12(b)(6) motion is reviewed *de novo*. ***Jackson v. City of Beaumont Police Dept.***, 958 F.2d 616, 618 (5th Cir. 1992).  Although we apply less stringent standards to parties proceeding *pro se* than to those represented by counsel and we likewise liberally construe briefs of *pro se* litigants, *pro se* parties must still brief the issues.  ***Grant v. Cuellar***, 59 F.3d 523, 524 (5th Cir. 1995).  Because the Joneses do not challenge the district court's reasons for the dismissal of their complaint, they have abandoned the only issue on appeal before this court.  *See **In the Matter of T-H New Orleans Ltd. Partnership***, 116 F.3d 790, 796 (5th Cir. 1997)(issues not briefed are deemed waived); ***Brinkmann v. Dallas County Deputy Sheriff Abner***, 813 F.2d 744, 748 (5th Cir. 1987); FED. R. APP. P. 28(a)(6).

The Joneses' briefs contain abusive, disparaging and contemptuous references to the district court.  Needless to say, although a *pro se* appellant's papers are entitled to a liberal construction we "simply will not allow ... pro se practice to be a

vehicle for abusive documents". ***Theriault v. Silber***, 579 F.2d 302, 303 (5th Cir. 1978).

The Joneses' appeal is frivolous and is **DISMISSED**. *See **Howard v. King***, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2. Because the Joneses have already been warned regarding filing frivolous appeals, *see **Jones v. Smith***, No. 97-20403 (5th Cir. May 4, 1998), and because of the aforementioned abusive language, sanctions of $500 are imposed. The Clerk of this court is not to accept for filing any civil appeal by either or both of the Joneses pending payment of this sanction.

*APPEAL DISMISSED; SANCTION IMPOSED*