**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 99-11141**
_____

**MARK BRYANT; WILLIE D. SMITH; ROBERT HILL,**

**Plaintiffs-Appellants,**

**versus**

**TEXAS UTILITIES SERVICES, INC., ET AL.,**

**Defendants,**

**TEXAS UTILITIES SERVICES, INC.; TEXAS ENERGY**
**INDUSTRIES, INC.; TEXAS UTILITIES MINING**
**COMPANY; TEXAS UTILITIES COMPANY; ENSEARCH CORP.,**

**Defendants-Appellees.**

_____

**Appeal from the United States District Court**
**for the Northern District of Texas**
**(3:99-CV-3-T)**
_____

September 11, 2000

Before WOOD[*], DAVIS, and BARKSDALE, Circuit Judges.

PER CURIAM:[**]

The Rule 12(b)(6) dismissal, as to Appellees, of this action

is the subject of this FED. R. CIV. P. 54(b) appeal.  We **AFFIRM**.

_____

[*]Senior United States Circuit Judge for the Seventh Circuit,
sitting by designation.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

Appellants were arrested in January 1997 by a Texas game warden, defendant Robinson (*not* one of the Appellees), while hunting on land owned by a relative of appellant Bryant *but leased* to appellee Texas Utilities Services, Inc. (TU) for lignite mining. According to the complaint: Robinson told Appellants that TU "asked [him] to patrol and keep you all out", and he was going to issue them a citation; when Appellants continued to assert their right to be on the property, however, Robinson seized their weapons and ordered them to follow him to jail; at the jail, when an unknown corporate representative insisted Appellants be arrested and prosecuted, Robinson told Bryant "he had *no* alternative but to" comply, stating Appellees "did *not* want African-Americans on the ... property"; and, subsequently, a jury exonerated Appellants of criminal charges. (Emphasis added.)

II.

We review a Rule 12(b)(6) dismissal *de novo*, in the light most favorable to Appellants, with dismissal being appropriate "*only if ... no* relief could be granted under any set of facts that could be proven consistent with the allegations" in the complaint. **Barrientos v. Reliance Standard Life Ins. Co.**, 911 F.2d 1115, 1116 (5th Cir. 1990), *cert. denied*, 498 U.S. 1072 (1991) (quotation marks and citation omitted; emphasis added). Factual, *but not conclusory*, allegations must be accepted as true. *E.g.*, **Fernandez-**

*Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993).

Appellants contend: the district court erred in dismissing their federal claims, presented under 42 U.S.C. §§ 1983, 1985(3), and 1986, and their state claims for intentional infliction of emotional distress, false arrest, false imprisonment, assault, malicious prosecution, negligence, gross negligence, and invasion of privacy. *Bryant v. Texas Utils. Servs., Inc.*, No. 3:99-CV-0003-T (N.D. Tex. 8 July 1999) (unpublished). They maintain they sufficiently alleged, for Rule 12(b)(6) purposes, facts demonstrating a conspiracy, between Appellees and Robinson, to deprive them of their civil rights: *inter alia*, Robinson's statement about Appellees "*not* want[ing] African-Americans on the ... property", and Appellees' "control" of Appellants' prosecution. (Emphasis added.)

As part of our review, we reject Appellants' contention, bordering on being frivolous, that the district court "misstated" allegations in the complaint. In any event, that would *not* affect our *de novo* review.

A.

Based on such review, we agree with the district court that Appellees' alleged activities do *not* rise to the level of a conspiracy, sufficient to state a claim under §§ 1983, 1985 or 1986. *See Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988) ("private party does *not* act under color of state law when []he

3

*merely elicits but does not join in* an exercise of official state authority") (quotation marks and citation omitted; emphasis added); *see also **Mississippi Women's Med. Clinic v. McMillan***, 866 F.2d 788, 795 (5th Cir. 1989) (to prevail on § 1986 claim, one must first prevail under § 1985).

To succeed on these federal claims, Appellants would have to show: "a sufficiently close connection between the state and the challenged conduct for the [private] actor to be treated as an agent of the state", ***Sims v. Jefferson Downs Racing Ass'n***, 778 F.2d 1068, 1076 (5th Cir. 1985); and "that the state ... acted according to a preconceived plan [with] ... the private actor, [and] *not* on the basis of [its] own investigation". ***Bartholomew v. Lee***, 889 F.2d 62, 63 (5th Cir. 1989) (emphasis added).

Appellants' allegations fall far short of stating the requisite elements. The complaint alleges Appellants were arrested after Robinson: discovered them on the property; conducted his own investigation, and determined, even if mistakenly, that they were trespassing; and gave Appellants the opportunity to accept a citation and leave. Regarding Appellees' seeking Appellants' arrest and prosecution, Appellants alleged the "state's attorney" told them Appellees were concerned that accepting Appellants' right to hunt on the land "would adversely impact [Appellees'] ability to restrict other landowners and their invitees from hunting on other [similarly leased] property".

4

In the light of these specific allegations, Appellants' "mere characterization of [Appellees'] conduct as conspiratorial or unlawful" fails to "set out allegations upon which relief can be granted". *Russell v. Millsap*, 781 F.2d 381, 383 (5th Cir. 1985) (internal quotation marks and citation omitted; emphasis added), *cert. denied*, 479 U.S. 826 (1986).

B.

Pursuant to the above discussion, and essentially for the reasons stated by the district court, we conclude that Appellants have likewise failed to allege sufficient facts to support their state claims.

III.

For the foregoing reasons, the judgment is

*AFFIRMED*.