IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-60665
Conference Calendar
_____


HOUSTON G. SUMRALL; SHAWN RICHARD O'HARA;
KATIE RENE PERRONE; RICHARD JOHNSON;
CARL DAVID WALKER,

                                        Plaintiffs-Appellants,

versus

CONNIE ROCKCO; BOBBY ELEUTERIUS; LARRY BENEFIELD;
MARLIN LADNER; WILLIAM MARTIN; JOSEPH MEADOWS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:00-CV-402-BrR
--------------------
April 10, 2002

Before SMITH, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

     Houston G. Sumrall, Shawn Richard O'Hara, Katie Rene

Perrone, Richard Johnson, and Carl David Walker appeal the

dismissal without prejudice of their 42 U.S.C. § 1983 complaint

for lack of subject-matter jurisdiction.  The appellants' brief

does not discuss the basis of the district court's dismissal for

lack of subject-matter jurisdiction.  Even under a liberal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

interpretation, the appellate brief is unsatisfactory.  This court "will not raise and discuss legal issues that [the appellants have] failed to assert."  See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).  The appellants' failure to identify any error in the district court's legal analysis or the application of law to the lawsuit "is the same as if [they] had not appealed that judgment."  Id.

The appellants aver that the district court abused its discretion in denying their motion for a default judgment based on the appellees' alleged failure to respond to interrogatories.  The appellants do not state the nature of the interrogatories or the manner in which the responses were allegedly inadequate.  Given the record before the court, it cannot be said that the district court abused its discretion in denying the motion for default judgment.  See Thomas v. Kippermann, 846 F.2d 1009, 1011 (5th Cir. 1988).

The appellants' appeal is without merit, and it is DISMISSED as frivolous.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR. R. 42.2.  The appellants are warned that the filing of future frivolous appeals will invite the imposition of sanctions.  They should review any pending appeals to ensure that they do not raise issues which are frivolous.

DISMISSED; SANCTION WARNING ISSUED.