**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 19, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-20386
Summary Calendar

———————————

OSCAR L. SHAW,

Plaintiff-Appellant,

versus

VINCENT BENNETT; MARY MOSELY; CLIFF H. PRESTWOOD;
MITCHELL L. ALLISON; ROBERT R. CHANCE; TIMOTHY MOFFETT;
SALLY PITTMAN; DERICK VAN BUREN; CRAIG B. PRICE; TIMOTHY L.
MASSEY; INTERNAL AFFAIRS DIVISION OF THE TEXAS DEPARTMENT OF
CRIMINAL JUSTICE INSTITUTIONAL DIVISION,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-4267
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Oscar L. Shaw, Texas prisoner # 646048, appeals from the summary judgment dismissal of his 42 U.S.C. § 1983 civil rights suit for failure to exhaust his administrative remedies, as required by 28 U.S.C. § 1997e. On appeal, Shaw contends that the exhaustion requirement did not apply to all of his claims and

------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court erred by considering, *sua sponte*, the exhaustion issue when addressing and denying Shaw's motion for summary judgment. Shaw also argues that the defendants-appellees waived the exhaustion "defense" by failing to assert it in their answer, and that their summary judgment motion based on that ground should have therefore been denied. Shaw further asserts that the district court erred in dismissing his suit with prejudice.

Because exhaustion is mandatory under amended 42 U.S.C. § 1997e, Shaw was required to exhaust his administrative remedies for all his claims, including those raised under the Americans with Disabilities Act, since they involved matters of prison life. See Booth v. Churner, 532 U.S. 731, 739 (2001); see also Clifford v. Gibbs, 298 F.3d 328, 332 (5th Cir. 2002). Under the law of this circuit, the district court was permitted to consider *sua sponte* the issue of exhaustion when addressing and denying Shaw's motion for summary judgment. Wendell v. Asher, 162 F.3d 887, 889 (5th Cir. 1998).

Shaw's waiver-of-exhaustion-defense claim, which he failed to preserve in the district court, does not survive plain error review since this court has not specifically identified exhaustion as an affirmative defense that may be waived. See Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc). Because Shaw was proceeding *in forma pauperis* (IFP) in the district court, the dismissal of the

complaint with prejudice for purposes of proceeding IFP was within the discretion of the district court and will not be disturbed.  See Underwood v. Wilson, 151 F.3d 292, 293 (5th Cir. 1998).

Shaw also argues that the district court abused its discretion in denying his motions for leave to supplement his complaint, default judgment, discovery, and equitable/injunctive relief.  Upon review of the record, we find no abuse of discretion with respect to the district court's denial of these motions.  See Griffin v. County Sch. Bd. of Prince Edward County, 377 U.S. 218, 226 (1964); Burns v. Exxon Corp., 158 F.3d 336, 343 (5th Cir. 1998); East v. Scott, 55 F.3d 996, 1002 (5th Cir. 1995); Thomas v. Kippermann, 846 F.2d 1009, 1011 (5th Cir. 1988); Peaches Entm't Corp. v. Entm't Repertoire Assocs., Inc., 62 F.3d 690, 693 (5th Cir. 1995).

AFFIRMED.