# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-60684

ANGELA DAWN MOODY,

Plaintiff–Appellant,

v.

SCOTT FARRELL, in his Individual Capacity,

Defendant–Appellee.

United States Court of Appeals
Fifth Circuit

**FILED**
August 17, 2017

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Mississippi

Before KING, PRADO, and SOUTHWICK, Circuit Judges.

EDWARD C. PRADO, Circuit Judge:

Plaintiff–Appellant Angela Moody repeatedly sent mean-spirited messages to her ex-husband, Defendant–Appellee Scott Farrell. After Farrell complained to the police, Moody was arrested for felony cyberstalking, a charge that was later dropped. Moody then sued Farrell and others under 42 U.S.C. § 1983, alleging that her First and Fourth Amendment rights had been violated. The district court granted summary judgment on the ground that Moody could not prove Farrell was a state actor for purposes of § 1983. For the reasons stated below, we AFFIRM.

No. 16-60684

## I. BACKGROUND

Angela Moody and Scott Farrell had an acrimonious relationship following their divorce in 2011. They remained in communication with each other on account of their young daughter, who lived with Moody and visited Farrell every other weekend. Throughout 2012 and 2013, Moody sent many mean-spirited messages to Farrell via email, text message, and Facebook. Many of these messages pertained to child support and Farrell's visitation rights. Moody conceded in her deposition, however, that the purpose of other messages was simply "to be mean," or "to hurt his feelings." On several occasions, including in November 2012, Farrell told Moody to stop sending him messages unless they pertained to their daughter and warned that further communication would constitute harassment. Farrell conceded in his deposition that he too sent "harassing" messages to Moody but stated that he stopped doing so after January 2013.

In November 2012, Farrell contacted Officer Tony Cooper of the Lowndes County Sheriff's Department via Facebook to discuss his problems with Moody. Farrell was acquainted with Officer Cooper because one of Farrell's other ex-wives used to work at the sheriff's department. Officer Cooper advised Farrell to come to the sheriff's office, where Farrell filed a complaint against Moody for harassment on November 28, 2012. Either on that date or sometime later, Farrell brought documentation of the alleged abuse to the sheriff's office. Officer Cooper went on leave for several months shortly after reporting Farrell's complaint. While Officer Cooper was on leave, Farrell contacted him via Facebook four or five times to discuss the complaint against Moody; Officer Cooper instructed Farrell to contact other investigators. Farrell did so, and brought in further documentation of Moody's alleged harassment.

Farrell's complaint was also reviewed by Lowndes County Prosecutor Allison Kizer, who decides whether to prosecute misdemeanor cases. She

2

determined that the alleged conduct did not constitute misdemeanor harassment by electronic communication, which requires that the communication be obscene, lewd, lascivious, or threatening. *See* Miss. Code § 97-29-45(a), (b). But, according to Officer Cooper, Kizer told him that Moody's conduct did meet the requirements of felony cyberstalking. *See* Miss. Code § 97-45-15. In relevant part, Mississippi Code § 97-45-15(1)(b) defines cyberstalking as "[e]lectronically mail[ing] or electronically communicat[ing] to another repeatedly, whether or not conversation ensues, for the purpose of threatening, terrifying or harassing any person."

After Officer Cooper returned to work, Farrell called the sheriff's office several times to tell him that Moody's harassment continued. At that point, Officer Cooper reviewed Moody's messages and concluded that her conduct did violate the law. Officer Cooper wanted to put the case before a grand jury, but Farrell, according to Officer Cooper, "was not happy with that and wanted [Moody] to be arrested." Officer Cooper signed an affidavit in support of an arrest warrant on November 6, 2013, alleging that Moody committed felony cyberstalking by sending "numerous text messages and emails" to Farrell after he told her "to cease emailing and texting him." Justice Court Judge Peggy Phillips signed the warrant on November 7, 2013. Moody turned herself in and was quickly released on her recognizance.

A preliminary hearing was held before a different justice court judge on December 17, 2013. Officer Cooper testified and presented the accumulated documentation of alleged harassment. The justice court subsequently dismissed the case. According to Moody, the judge noted that "if ex-wives couldn't get upset with ex-husbands about not paying child support . . . , the whole jails here would be filled up with mad ex-wives."

Moody filed a complaint against Lowndes County, Officer Cooper, and Farrell in the Northern District of Mississippi on October 21, 2014. Her claims

No. 16-60684

against Officer Cooper and Farrell alleged violations of the First, Fourth, and Fourteenth Amendments. Moody also alleged state law claims, including abuse of process, against Farrell. Her claims against the county related to bail issues. The district court granted summary judgment in favor of all three defendants. Regarding Farrell, the district court found that Moody had failed to put forth sufficient facts showing that Farrell was a state actor for purposes of § 1983. Likewise, the district found insufficient evidence in support of Moody's abuse-of-process claim against Farrell. The district court held that Moody had waived her remaining state law claims against Farrell. Moody timely appealed.

## II. DISCUSSION

On appeal, Moody challenges the district court's dismissal of her § 1983 claim against Farrell.[1] To prevail on this claim, Moody must show both that Farrell (1) deprived her of her constitutional rights and (2) acted "'under color' of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quoting 42 U.S.C. § 1983); *see also Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 150 (1970). Moody argues that Farrell was a state actor by virtue of acting jointly with Officer Cooper, and that Farrell violated the Fourth Amendment by causing her arrest without probable cause and the First Amendment because the arrest was based on protected speech. Farrell argues that Moody has failed to put forth sufficient evidence showing joint action between him and Officer Cooper, that there was probable cause for her arrest, and that Moody's harassment was not protected speech. In addition, Farrell asserts that he is immune from suit. Because we agree with the district court that Moody has failed to show that Farrell acted under color of state law, we need not address the parties' other arguments.

---

[1] Moody has abandoned her state law claims against Farrell by failing to brief them before this Court. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994).

## A.    Standard of Review

This Court "review[s] a grant of summary judgment de novo, applying the same standard that the district court applied." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 417 (5th Cir. 2016). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 400 (5th Cir. 2013) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The Court "must view the evidence introduced and all factual inferences from the evidence in the light most favorable to the party opposing summary judgment," but the nonmoving party "may not rest on mere conclusory allegations or denials in its pleadings." *Smith v. Reg'l Transit Auth.*, 827 F.3d at 417 (quoting *Hightower v. Tex. Hosp. Ass'n*, 65 F.3d 443, 447 (5th Cir. 1995)).

## B.    Analysis

Moody concedes that Farrell is a private citizen. "Private individuals generally are not considered to act under color of law," *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), but "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State,'" *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)). To establish fair attribution,

> the plaintiff must show: (1) that the deprivation was caused by the exercise of some right or privilege created by the state or by a rule of conduct imposed by the state, or by a person for whom the state is responsible, and (2) that the party charged with the deprivation may fairly be said to be a state actor.

*Id.* (citing *Daniel v. Ferguson*, 839 F.2d 1124, 1130 (5th Cir. 1988)). One way a private citizen may be a state actor is if she "is involved in a conspiracy or

participates in joint activity with state actors." *Ballard*, 413 F.3d at 518 (citing *Adickes*, 398 U.S. at 150–52). The district court held that there was insufficient evidence to show a conspiracy or joint action between Farrell and the Lowndes County Sheriff's Department. We agree.

"Deciding whether a deprivation of a protected right is fairly attributable to the State 'begins by identifying the specific conduct of which the plaintiff complains.'" *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 550 (5th Cir. 2005) (quoting *Am. Mfrs. Mut. Ins. v. Sullivan*, 526 U.S. 40, 51 (1999)). Here, Moody complains that Farrell persuaded Officer Cooper to sign the affidavit in support of the arrest warrant. Officer Cooper himself testified that he wanted to send the case to a grand jury, but that Farrell "was not happy with that and wanted [Moody] to be arrested." Officer Cooper also testified that Farrell contacted him many times—both over Facebook and by telephone—about the case. According to Moody, this evidence supports the inference that "Farrell used the apparatus of the state to cause Deputy Cooper to make an arrest which he did not otherwise think appropriate."

Moody also points to the affidavit of her father, Thad Moody. The affidavit asserted that when Thad Moody accompanied his daughter to the sheriff's department, Officer Cooper told him: (1) Farrell called Officer Cooper three or four times a day to see whether Moody had been arrested yet; (2) Farrell stated, "I want the bitch arrested"; (3) Farrell threatened to tell the newspaper about the sheriff's department's failure to give him justice; and (4) Officer Cooper wanted to relieve the pressure Farrell was placing on the sheriff's department. Moody argues that the affidavit is admissible as containing admissions by party opponents or statements of a then-existing state of mind. Fed. R. Evid. 801(d)(2)(A), 803(3). Federal Rule of Evidence 801(d)(2)(A) only covers statements made by the party against whom the statements are offered. Because the statements in Thad Moody's affidavit were

made by Officer Cooper, they are not admissible as opposing party admissions against Farrell. Regarding Federal Rule of Evidence 803(3), the first three statements recount what Officer Cooper heard prior to seeking Moody's arrest and therefore do not relate to his state of mind when he made the statements to Thad Moody. Only the last statement could be construed as reflecting Officer Cooper's then-existing state of mind. At most, Thad Moody's affidavit is admissible only to show that Officer Cooper arrested Moody in order to relieve the pressure Farrell was placing on the sheriff's department.

It is well-established that "[a] private party does not act under color of state law when she merely elicits but does not join in an exercise of official state authority." *Daniel*, 839 F.2d at 1130 (quoting *Auster Oil & Gas, Inc. v. Stream*, 764 F.2d 381, 388 (5th Cir. 1985)). For this reason, evidence that a private citizen reported criminal activity or signed a criminal complaint does not suffice to show state action on the part of the complainant in a false arrest case. *Id.* The plaintiff must further "show that the police in effecting the arrest acted in accordance with a 'preconceived plan' to arrest a person merely because he was designated for arrest by the private party, without independent investigation." *Sims v. Jefferson Downs Racing Ass'n*, 778 F.2d 1068, 1079 (5th Cir. 1985) (quoting *Hernandez v. Schwegmann Bros. Giant Supermarkets*, 673 F.2d 771, 772 (5th Cir. 1982) (per curiam)). For example, in *Smith v. Brookshire Bros., Inc.*, the plaintiffs showed that pursuant to a prearranged plan, the defendant, a grocery store, "could have people detained [for shoplifting] merely by calling the police and designating the detainee." 519 F.2d 93, 94 (5th Cir. 1975) (per curiam). In *Bartholomew v. Lee*, on the other hand, the fact that "the plaintiffs were arrested in part . . . at the request of the [mall] security personnel, and not *wholly* based on any independent observations of the officers," was not enough to show joint action between the mall and the police. 889 F.2d 62, 63 (5th Cir. 1989) (alteration and emphasis in original).

7

As Farrell argues, the record indisputably shows that the Lowndes County Sheriff's Department conducted an investigation and independently determined that probable cause existed to arrest Moody. First, Officer Cooper filed an investigative report in November 2012. *Cf. Morris v. Dillard Dep't Stores, Inc.*, 277 F.3d 743, 750 (5th Cir. 2001) (noting that an "officer writing his own report" is "evidence of a proper investigation"). Second, Officer Cooper testified that he reviewed the allegedly harassing text messages and emails Moody sent to Farrell and concluded that Moody did commit felony cyberstalking. Third, a justice court judge agreed that probable cause existed and signed an arrest warrant based on Officer Cooper's affidavit. *Cf. Glotfelty v. Karas*, 512 F. App'x 409, 415 (5th Cir. 2013) (per curiam) (noting that a state court judge's issuance of an attachment order for the plaintiff's arrest was "inconsistent" with the plaintiff's theory that the defendants had a preconceived plan to arrest the plaintiff). Fourth, from beginning to end, the investigation took almost a year—far longer than the nearly instantaneous arrests carried out pursuant to the prearranged plan in *Smith v. Brookshire Bros.*

In light of the undisputed facts that Officer Cooper investigated Farrell's allegations for almost a year and that two state officials found probable cause, it is reasonable to infer, at most, that Farrell pressured Officer Cooper to pursue arrest. In this way, Farrell, like the defendant in *Bartholomew*, influenced the actions of the police but did not determine them. A jury could not reasonably infer that Farrell's pressure destroyed the independence of Officer Cooper's investigation. Accordingly, Moody has failed to show that the police arrested her "merely because [s]he was designated for arrest by [Farrell], without independent investigation." *Sims*, 778 F.2d at 1079. The district court correctly granted summary judgment on this ground.

No. 16-60684

## III. CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment against Moody is AFFIRMED.