# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-40197

United States Court of Appeals
Fifth Circuit

**FILED**

December 6, 2019

Lyle W. Cayce
Clerk

JOHNNY PARTAIN,

      Plaintiff - Appellant

v.

CITY OF SOUTH PADRE ISLAND, TEXAS; DENNIS W. STAHL; ANNA D. STAHL; VICTOR CARRANZA,

      Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:16-CV-317

Before DAVIS, SMITH, and COSTA, Circuit Judges.

PER CURIAM:*

Johnny Ray Partain sued Dennis Stahl, Anna Stahl, Victor Carranza, and the City of South Padre Island, bringing 42 U.S.C. § 1983 claims for deprivation of civil rights and a Racketeer Influenced and Corrupt Organizations Act (RICO) claim. Partain, proceeding pro se, now appeals the district court's summary judgment dismissal of his suit. For the reasons set forth below, we AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-40197

## I. BACKGROUND

On or around April 1, 2014, Dennis Stahl hired general contractor, Jon Wilson, for an extensive home renovation project. Together, the two ordered a generator from Generac. Because it was a large, custom-made piece of machinery, Generac referred them to Johnny Ray Partain, the company's local authorized representative. Stahl, Wilson, and Partain met on June 3, 2014. Stahl ordered a $24,369.24 generator, delivering the check to Partain that same day. Partain told Stahl that the generator would take four to six weeks to build, and he could expect delivery between July 3 and July 17, 2014.

The generator, however, never arrived. When Wilson and Stahl asked Partain for a firm delivery date, he claimed he still needed to place the order. Partain made various excuses for the non-delivery of the generator. Around the end of August, Generac informed Partain it had canceled the order due to lack of payment. By September 2014, Partain had ceased responding to Stahl and Wilson.

After further attempts to contact Partain failed, Wilson and Stahl went to the South Padre Island (SPI) police department on October 14, 2014 and spoke with Detectives Victor Carranza and Jaime Rodriguez. Wilson and Stahl asked that charges be filed against Partain for theft. On his witness statement, Stahl stated he was "unemployed," making no reference to his candidacy for city councilman.

After initial struggles to contact Partain, Carranza and Rodriguez interviewed Partain on October 27, 2014. During the interview, Partain explained that he had used Stahl's money for other projects. The detectives

2

No. 19-40197

told Partain that if he could promptly resolve the dispute, they would not file charges.[1]

Nothing resulted. Partain further delayed repayment, and Stahl contacted the police, again urging arrest. His email signature read "City Councilman Elect" for the South Padre Island City Council, presumably because he was running unopposed for the position.

On October 29, 2014, Carranza filled out a probable cause statement. He explained that Stahl had paid for a generator, which was now ready for pickup, but that Partain had not paid Generac for it, despite having deposited Stahl's check. He further noted that Partain had been unresponsive and elusive. A magistrate judge signed Carranza's arrest warrant that day.

Stahl was elected to the South Padre Island City Council on November 4, 2014 and sworn in ten days later. Partain, meanwhile, voluntarily surrendered himself on November 5, 2014. A grand jury indicted Partain in January 2015 and, after a two-day jury trial, Partain was found guilty of theft in the third degree on December 11, 2015. He was sentenced to two years in prison and five years of probation. The Court of Appeals for the Thirteenth District of Texas reversed his conviction, however, on November 16, 2017. The court reasoned that the state failed to prove Partain had the requisite intent to deprive at the contract's formation.[2]

While Partain's criminal appeal was pending, Dennis Stahl and his wife Anna sued Partain on November 20, 2015. Partain replied with a counterclaim against the Stahls, the City of South Padre Island (SPI), and Carranza, alleging claims under § 1983 for deprivation of civil rights and RICO. The

---

[1] In his affidavit, Carranza stated, "A timeframe was given to [Partain] to return the money, but he did not meet that requirement."

[2] *Partain v. State*, No. 13-16-00080-CR, 2017 WL 5505746, at *7 (Tex. App.—Corpus Christi, Nov. 16, 2017, no pet.) (mem. op., not designated for publication).

No. 19-40197

counterclaim was severed, and that is the proceeding that was before the district court. After SPI and the Stahls sought summary judgment in September 2018, Partain filed a request for entry of default against Carranza on November 13, 2018. The trial judge denied Partain's motion and granted summary judgment. Partain now appeals.

## II. ANALYSIS

Partain contends he presented an issue of material fact to demonstrate the defendants violated his constitutional rights under the Fourth, Fifth, and Fourteenth Amendments and colluded against him in violation of RICO. He also brings an abuse of process claim. This court reviews a grant of summary judgment de novo.[3] Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]

First, Partain's claims against SPI that its officers filed a false affidavit to attain a warrant are without merit. The magistrate judge issued a thorough opinion finding that there was no policymaker who had knowledge of the affidavit's contents.[5] Moreover, because there was no evidence that the factual statements in the affidavit were false, the issuance of the warrant absolved the city of any liability. The magistrate judge also correctly determined Partain had no freestanding claim of malicious prosecution.[6] Lastly, the magistrate

---

[3] *McClendon v. United States*, 892 F.3d 775, 780–81 (5th Cir. 2018).

[4] FED. R. CIV. P. 56(a).

[5] *See Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001) (requiring that to hold a municipality liable for a § 1983 claim, a plaintiff must show that (1) a policymaker acted on behalf of the city, (2) the action constituted an official policy, and (3) the policy was the "moving force" of the constitutional violation).

[6] *See Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003) (en banc) (holding "no such freestanding constitutional right to be free from malicious prosecution exists" under § 1983).

judge was correct in concluding that Partain's Equal Protection claim was without merit—he failed to show SPI acted without rational basis.[7]

Partain's claims against the Stahls similarly fail. Dennis Stahl ran for city councilman unopposed, but he had not yet been sworn in when Partain was arrested. We agree with the magistrate judge that Mr. Stahl was not a state official.[8] We also agree that, in urging the police to make an arrest, he did not act under color of state law.[9] As to Anna Stahl, Partain provides no evidence that she held any government position or was in any way involved in pressing charges. Partain's abuse of process claim, meanwhile, is not properly before this court.[10]

We further agree with the dismissal of Partain's RICO claims against both the Stahls and SPI. The magistrate judge correctly concluded that Partain

---

[7] *See Integrity Collision Ctr. v. City of Fulshear*, 837 F.3d 581, 586 (5th Cir. 2016) (a class-of-one equal protection claim requires that a plaintiff show he was intentionally treated differently from others similarly situated with no rational basis for the difference in treatment). On appeal, Partain argues he brought a procedural due process claim that the magistrate judge did not address. "In procedural due process claims, the deprivation by state action of a constitutionally protected interest in 'life, liberty, or property' is not in itself unconstitutional; what is unconstitutional is the deprivation of such an interest *without due process of law*." *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). Partain does not identify how he was denied procedural due process. In fact, Partain readily admits he received a full criminal trial and an appeal. Summary judgment was appropriate on this claim as well.

[8] *See, e.g., Melo v. Hafer*, 912 F.2d 628, 638 (3d Cir. 1990) (holding that a candidate who had not yet taken office could not be considered a state actor), *aff'd*, 502 U.S. 21 (1991).

[9] In *Moody v. Farrell*, 868 F.3d 348, 354 (5th Cir. 2017), this court held that an ex-husband did not act as a state actor when he pressed charges against his former wife. The police department conducted an independent investigation and came to its own conclusion, with which a justice court judge agreed; at best, the husband only pressured the police. *Id.* at 353–54.

[10] "A claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Hoffman v. L & M Arts*, 838 F.3d 568, 576 (5th Cir. 2016) (quoting *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005)). Although arguments by pro se litigants are liberally construed, pro se litigants must comply with the relevant rules of procedure. *See Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (per curiam) ("The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law.").

failed to establish a pattern of racketeering activity.[11] The district court properly granted summary judgment on these claims.

Partain now argues for the first time on appeal that the district court judge erred in failing to recuse himself pursuant to 28 U.S.C. § 455(a). As Partain raises this issue for the first time on appeal, his claim fails.[12] Regardless, his claim would also falter on the merits; a plaintiff may not name a judge as a witness and cite to previous cases plaintiff filed over which the judge presided to force a recusal.[13]

Lastly, Partain maintains that the court should have granted his motion for entry of default in his suit against Carranza, which in turn would have allowed him to prevail on summary judgment. This court reviews a denial of a default judgment for abuse of discretion.[14] The magistrate judge was correct in concluding that, because Partain sued Carranza in his official capacity, his claims against Carranza are co-extensive against the city.[15]

---

[11] *See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989) (requiring a plaintiff show either a closed period of repeated conduct or past conduct with threat of repetition).

[12] *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) ("Requests for recusal raised for the first time on appeal are generally rejected as untimely.").

[13] *See, e.g., Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."); *United States v. Owens*, 902 F.2d 1154, 1156 (4th Cir. 1990) ("Parties cannot be allowed to create the basis for recusal by their own deliberate actions.").

[14] *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988).

[15] *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) ("[A]n official-capacity suit is, in all respects other than name, to be treated as a suit against the entity."). *See also Doe v. Fort Zumwalt R-II Sch. Dist.*, 920 F.3d 1184, 1991 (8th Cir. 2019) (a school district's answer could constitute a responsive pleading on behalf of a school-district official sued in his official capacity). The parties also extensively argue over whether Carranza was properly served. The argument is moot; the Fifth Circuit has held service of process against an individual in his official capacity need only comply with Rule 4(j) of the Federal Rules of Civil Procedure. *See Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009). *See also* 4 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1109 (4th ed. 2019).

No. 19-40197

## III. CONCLUSION

For these reasons and those advanced by the magistrate judge in his thorough report, we AFFIRM the district court's judgment.