# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 21, 2025

Lyle W. Cayce
Clerk

No. 25-50384
Summary Calendar

————————

Ethan T. Roper,

*Plaintiff—Appellant*,

*versus*

Chief Chris Blanton; City of Clifton, Texas; Adam Sibley, *Bosque County District Attorney*; First Baptist Church, Clifton, TX,

*Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:24-CV-495

————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.
Per Curiam:[*]

Ethan Roper appeals from the district court's dismissal with prejudice of his 42 U.S.C. § 1983 complaint in which Roper alleged claims of false arrest, false imprisonment, and malicious prosecution based on his arrest for making a terroristic threat. He has also filed a motion for leave to supplement

———————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

his appellate brief by including a copy of his second amended complaint. Because the record on appeal contains his second amended complaint, we DENY that motion as unnecessary. Moreover, to the extent that Roper relies on new information in his appellate brief that was not before the district court, we will not consider that new information. *See Theriot v. Par. of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

A district court shall dismiss a civil-rights complaint if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). We review a dismissal for failure to state a claim on which relief may be granted under the same de novo standard as a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998). A pro se litigant's pleadings are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Although factual allegations are viewed in the light most favorable to the plaintiff, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (internal quotation marks and citation omitted).

The district court correctly dismissed Roper's claim against the Clifton Police Department because it is not a legal entity that is capable of being sued. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). Roper's claims against Sibley were barred by absolute immunity because Roper did not show that any of Sibley's alleged actions were outside of a prosecutor's duties. *See Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994). Moreover, Roper's claims against the First Baptist Church, which is a non-state actor, fail because he has plausibly alleged, at most, that there was communication between the church and Blanton relating to Roper's arrest, which is far short of the requisite showing of an agreement between private and public defendants to commit an illegal act. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004).

No. 25-50384

Roper's claims against the City of Clifton based on a failure to train its officers fail because he did not allege that the City of Clifton had inadequate training procedures and was deliberately indifferent in adopting them, and that the failure to train caused the violations in question. *See World Wide St. Preachers Fellowship v. Town of Columbia*, 591 F.3d 747, 756 (5th Cir. 2009). To the extent that Roper sought to establish municipal liability based on the existence of a custom or policy, his allegations did not rest on a policy statement and failed to show a pattern of conduct. *See Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 168-69 (5th Cir. 2010). To the extent that Roper alleged that Blanton was a final policymaker, he failed to show that Blanton's actions were unconstitutional. *See id.* at 169.

All three of Roper's claims—false arrest, false imprisonment, and malicious prosecution—require a showing that there was no probable cause to arrest and charge him with making a terroristic threat. *See Brown v. Lyford*, 243 F.3d 185, 189 (5th Cir. 2001); *Thomas v. Kippermann*, 846 F.2d 1009, 1011 (5th Cir. 1988). An officer has probable cause if "the totality of the facts and circumstances" within his knowledge "at the moment of arrest are sufficient for a reasonable person to conclude that the suspect had committed or was committing an offense." *Scott v. City of Mandeville*, 69 F.4th 249, 255 (5th Cir. 2023). In pertinent part, a person commits a terroristic threat offense "if he threatens to commit any offense involving violence to any person or property with intent to . . . place the public or a substantial group of the public in fear of serious bodily injury." Tex. Penal Code Ann. § 22.07(a)(5) (West 2017).

Roper alleges that Blanton arrested him for making a terroristic threat based on his Facebook post that began with a line from a Bob Marley song stating, "I feel like bombin' a church." Roper posted that after: (1) police officers forcibly removed him from the First Baptist Church; (2) at Roper's father's request, police officer detained Roper and sent him to a psychiatric

unit, which held him for several weeks; and (3) Roper was issued a restraining order prohibiting him from returning to the First Baptist Church.  Although Roper alleges that Blanton made certain statements indicating that Blanton did not believe that Roper had the ability to make a bomb and that Blanton had not listened to the Bob Marley song quoted by Roper, those statements, even if true, do not show a lack of probable cause in this context.  Roper's inability to establish a lack of probable cause undermines all three of his claims.  *See Brown*, 243 F.3d at 189; *Thomas*, 846 F.2d at 1011.  Accordingly, the district court's judgment is AFFIRMED.

The district court's dismissal for failure to state a claim counts as one strike under 28 U.S.C. § 1915(g).  *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).  Roper is WARNED that if he accumulates three strikes, he will not be able to proceed in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* 28 U.S.C. § 1915(g).