We exercise our supervisory jurisdiction under the policy announced in Herlitz Const. Co., Inc. v. Hotel Investors of New Iberia, Inc., 396 So.2d 878 (La.1981).
Plaintiffs filed this tort action for damages against the driver of the other involved vehicle, her insurer, SWEPCO and the City of Shreveport on November 13, 1985 in the City Court of the City of Shreveport. The accident which gives rise to this action occurred November 13, 1984. SWEPCO was not served until December 10, 1985. The City of Shreveport filed a declinatory exception of lack of jurisdiction over it and SWEPCO filed a declinatory exception of lack of jurisdiction over the subject matter. A hearing on these exceptions held March 19, 1986, resulted in plaintiffs dismissing its suit against the City of Shreveport. Thereafter, SWEPCO filed a peremptory exception of prescription which the trial court overruled on April 29, 1986. From this ruling SWEPCO perfected this application contending that since the City Court was not a court of competent jurisdiction, service of process was necessary to interrupt prescription. Since service of process was not perfected on SWEPCO until December 10, 1985, applicant contends the cause of action has prescribed as to it.
La.C.C. Art. 3462 provides:
Prescription is interrupted when the ... obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court ... prescription is interrupted only as to a defendant served by process within the prescriptive period, (emphasis added)
Delictual actions prescribe in one year. La.C.C. Art. 3492.
*489 La.C.C.P. Art. 5251(4) defines a court of competent jurisdiction as a court which has jurisdiction over the subject matter of the action or proceeding.
Chapter 2 of Title I, Book 8 of the Louisiana Code of Civil Procedure begins with Art. 4841 which states that “[T]he subject matter jurisdiction of ... city courts ... is limited by the amount in dispute and by the nature of the proceedings, as provided in this chapter.” La.C.C.P. Art. 4848 is found in “this chapter” and is a limitation on the subject matter jurisdiction of city courts. It provides in part that a city court has no jurisdiction in any case or proceeding in which a municipal corporation is a defendant.
We conclude that the Shreveport City Court lacked subject matter jurisdiction over this proceeding and therefore was not a court of competent jurisdiction. Prescription against SWEPCO was not interrupted by the filing of the suit. Service of process on SWEPCO was made after prescription had run. The dismissal did not cure the situation. See Venterella v. Pace, 180 So.2d 240 (La.App. 4th Cir.1965); Hazel v. Allstate Ins. Co., 240 So.2d 431 (La.App. 3d Cir.1970); Tally v. Lovette, 332 So.2d 924 (La.App. 3d Cir.1976).
For the reasons stated, we grant the writ, make it peremptory and reverse the judgment of the lower court overruling SWEPCO’s exception of prescription. That exception is sustained.