# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20174

United States Court of Appeals
Fifth Circuit

**FILED**
June 14, 2018

Lyle W. Cayce
Clerk

GAIL MCCLENDON,

> Plaintiff – Appellant,

v.

UNITED STATES OF AMERICA,

> Defendant – Appellee.

———————————

Appeal from the United States District Court
for the Southern District of Texas

———————————

Before DAVIS, JONES, and HIGGINSON, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Gail McClendon appeals the district court's summary judgment determining that her late husband, Dr. Robert McClendon ("McClendon"), was personally liable under 26 U.S.C. § 6672 for over $4.3 million in penalties for the unpaid withholding taxes of his medical practice. She also appeals the district court's subsequent denial of McClendon's motion requesting reconsideration of the summary judgment. As explained more fully below, we REVERSE the denial of the motion for reconsideration, AFFIRM IN PART and VACATE IN PART the summary judgment, and REMAND the case for further proceedings consistent with this opinion.

No. 17-20174

**I.**

In 1979, McClendon founded Family Practice Associates of Houston ("FPA"), a professional medical association. By 1995, FPA employed five doctors, numerous nurses, and related support staff. During that year, the board of directors of FPA hired Richard Stephen, a certified public accountant, to serve as FPA's chief financial officer. From 1995 to 2009, Stephen informed the board that FPA was doing well financially and that all of FPA's tax obligations were being met.

On or about May 11, 2009, however, FPA learned from the Internal Revenue Service ("IRS") that Stephen's representations were false. Specifically, the IRS had no record of any payroll tax deposits on behalf of FPA for several of the previous years. FPA subsequently discovered that Stephen failed to remit FPA's federal withholding taxes for twenty-one consecutive quarters, from the third quarter of 2003 to the third quarter of 2008, and that he had been stealing money from FPA for many years. The consequences were disastrous: FPA accrued an unpaid withholding tax balance of over $11 million.

According to McClendon's deposition testimony and affidavit, as soon as the board discovered that the payroll taxes were unpaid, FPA stopped paying its creditors and vendors, as advised by counsel. To avoid using any of FPA's existing or future funds, and to ensure that FPA's staff employees received their payroll checks in May 2009, McClendon and his wife loaned FPA $100,000. In addition, McClendon and his two fellow board members created a separate company, MST Interests, L.L.C., to use their own personal funds to pay FPA's non-IRS creditors. FPA remitted all existing receivables and any new receivables it subsequently received directly to the IRS. The amount of receivables FPA paid the IRS totaled over $400,000. FPA also turned over to

No. 17-20174

the IRS $250,000 in insurance proceeds it received on the insurance claim it filed for employee theft.[1]

McClendon and the other board members filed a criminal complaint against Stephen. In 2013, Stephen pleaded guilty in Texas state court to first-degree felony theft of property over $200,000. He was sentenced to ten years in prison.

## II.

On August 27, 2012, the IRS assessed approximately $4.3 million in penalties against McClendon personally, pursuant to 26 U.S.C. § 6672,[2] for the twenty-one quarters FPA failed to remit its withholding taxes. McClendon paid a nominal portion of the penalties and then filed suit under 26 U.S.C. § 7422,[3] seeking a refund of the portion paid and abatement of the penalties assessed. McClendon alleged that the IRS wrongfully assessed the penalties because he "was not a responsible party and did not willfully fail to remit funds due to the IRS," as required to impose liability under § 6672.

In response, the Government filed a counterclaim against McClendon, seeking to convert the penalties into a $4.3 million judgment. The Government also filed a counterclaim against Stephen, adding him as a party to the action. The Government maintained that joining Stephen was proper because both

---

[1] FPA also issued a check for $2,000 to its 401(k) plan manager (John Hancock Insurance Company) and a check for $1,840.42 to Dr. James Trippett. McClendon contended that these funds did not belong to FPA, but related to FPA's 401(k) plan and were erroneously deposited into FPA's account.

[2] Section 6672 provides that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails" to do so shall "be liable to a penalty equal to the total amount of the tax . . . not accounted for and paid over." 26 U.S.C. § 6672(a). The term "responsible person" is commonly used to refer to the statutory phrase, "person required to collect, truthfully account for, and pay over any tax imposed by [the Internal Revenue Code]." *See Barnett v. I.R.S.*, 988 F.2d 1449, 1453 n.6 (5th Cir. 1993).

[3] Section 7422 allows for a civil action against the United States for any internal revenue tax "erroneously or illegally assessed" after "a claim for refund or credit has been duly filed with the Secretary [of the Treasury]." 26 U.S.C. § 7422(a), (f)(1).

Stephen and McClendon had been assessed § 6672 penalties for FPA's unpaid withholding taxes for the same time periods. The Government further contended that, under the jurisprudence interpreting § 6672, Stephen and McClendon were jointly and severally liable for the penalties.

The Government thereafter filed a motion seeking summary judgment against McClendon only. The Government argued that it was entitled to summary judgment because the evidence established the two requirements necessary for liability under § 6672: (1) McClendon was a "responsible person" for payment of FPA's payroll taxes; and (2) McClendon "willfully failed" to pay the taxes to the IRS. The Government contended that McClendon's failure was willful because he admitted to using FPA funds to pay creditors other than the IRS after he learned of the unpaid payroll taxes. In particular, McClendon admitted that he loaned FPA $100,000 to cover the May 2009 payroll for FPA's staff employees; that he paid Dr. Trippett $1,840; and that he paid John Hancock Insurance Company $2000. The Government additionally asserted that McClendon was grossly negligent in delegating, with no oversight, the responsibility of paying payroll taxes to Stephen for years and that such conduct also constituted willfulness under § 6672. Therefore, the Government asserted that summary judgment should be granted in its favor for the $4.3 million in assessed penalties, less any payments or credits to which McClendon was entitled.

In his opposition to the Government's motion, McClendon conceded that he was a responsible person under § 6672. He contested, however, that he willfully failed to pay FPA's payroll taxes after learning of the unpaid taxes. McClendon asserted that the $2,000 payment to John Hancock Insurance Company and the $1,840 payment to Dr. Trippett involved funds relating to FPA's 401(k) plan and did not involve any funds belonging to FPA that could have been used to pay the IRS. He further asserted that his $100,000 loan to

FPA also could not have been used to pay the IRS because those funds were "encumbered." Specifically, he asserted that he loaned FPA the money with the restriction and agreement that the funds would only be used to cover the May 2009 payroll for FPA's staff employees. He also asserted that his loan constituted "reasonable cause," absolving him of § 6672 liability under the jurisprudence. Finally, McClendon contended that he was not grossly negligent by relying on Stephen to handle FPA's payroll taxes.

In its reply memorandum, the Government reasserted that McClendon's admission that he loaned FPA $100,000 to pay its employees instead of the IRS after learning of the unpaid taxes established that McClendon acted willfully under § 6672. The Government further maintained that, contrary to McClendon's contentions, his $100,000 loan to FPA was not "encumbered" under the relevant jurisprudence and, thus, could have been used to pay the IRS. Finally, the Government asserted that McClendon's actions did not constitute "reasonable cause."

The district court granted the Government's motion for summary judgment against McClendon. It determined that McClendon acted willfully under § 6672 because, after learning of the unpaid taxes, he loaned FPA $100,000, which FPA then used to make payroll instead of paying the IRS. The district court further determined that although McClendon contended that the loan's use was restricted to payment of the May 2009 payroll, the funds were not encumbered for purposes of § 6672 liability. Relying on cases from other circuits,[4] the district court concluded that a responsible person cannot "shield

---

[4] The district court noted that in our decision in *Barnett*, we adopted the Eighth Circuit's definition of unencumbered funds as stated in *Honey v. United States*, 963 F.2d 1083 (8th Cir. 1992). The district court further found persuasive the Sixth Circuit's decision in *Bell v. United States*, 355 F.3d 387, 396 (6th Cir. 2004), wherein the court applied *Honey* and determined that "[c]orporate funds should not be considered encumbered [under § 6672]

No. 17-20174

himself from liability by entering into preferential lending arrangements, in which the person voluntarily assumes a contractual obligation to pay some set of creditors before paying the government." The district court further determined that McClendon was not entitled to the reasonable-cause defense. It issued a judgment in favor of the Government for the total amount of penalties assessed against McClendon, approximately $4.3 million, less any payments already made.

### III.

McClendon thereafter filed a motion for reconsideration under Federal Rule of Civil Procedure 54(b), or in the alternative, to alter or amend the judgment under Rules 52(b) and 59(e). In the motion, McClendon raised a new argument. He asserted that under this Court's precedent, even if he were a responsible person and acted willfully, his liability under § 6672 was limited to the amount of unencumbered funds FPA had available after he learned of the unpaid taxes. Pointing to his deposition testimony, his affidavit in support of summary judgment, and copies of checks, he asserted that the evidence submitted at the summary judgment level reflected that all of FPA's available unencumbered funds were paid over to the IRS after his discovery of the unpaid taxes. He contended that the only evidence of funds not paid over to the IRS was the $100,000 loan he made to FPA to cover the May 2009 payroll. McClendon asserted that, therefore, he could be liable to the Government for, at most, $100,000.

In its opposition to McClendon's motion for reconsideration, the Government acknowledged the jurisprudence providing for a cap on § 6672 liability. The Government asserted, however, that McClendon was not entitled

---

simply because a *contractual* obligation with a lender or other creditor impacts a company's ability to use its assets, receivables, or loan advances with complete freedom."

to this limitation on his liability because he "failed to meet his burden of proving what the universe of available funds were, whether they were unencumbered, and if so [whether] they were paid to the IRS." Pertinent to the issues on appeal, the Government further contended that entitlement to the limitation on his liability "necessarily require[d] a full accounting of all of the company's available funds after the given date that knowledge was acquired." The Government pointed out that McClendon had not introduced any of FPA's bank records to show how much was deposited after his discovery of the unpaid taxes.

Additionally, the Government argued that even if the cap were available, the district court would still need to address the Government's alternative argument on willfulness: that McClendon was grossly negligent with regard to the risk that FPA's withholding taxes would go unpaid. The Government asserted that, in that case, McClendon would not be entitled to a limit on his § 6672 liability equal to the amount of available unencumbered funds after discovery of the unpaid taxes. Furthermore, the Government argued that the district court's summary judgment was a final judgment which should not be reconsidered.

In reply, McClendon provided a copy of an additional check which he asserted showed that FPA's closing balance in July 2009 of $296,722.28 had all been turned over to the IRS. McClendon further contended that any determination regarding his alleged gross negligence was "rife with genuine issues of material fact."

The district court denied McClendon's motion for reconsideration "for two independent reasons." First, applying the standard for Rule 59(e) motions, the district court determined that McClendon should have raised his limitation of liability argument in the summary judgment briefing and that he could not raise the argument for the first time in his motion to reconsider. Second, the

district court concluded that, even if the argument were properly before it, McClendon's argument failed on the merits. Specifically, the district court determined that "McClendon had the burden of proof on the issue of the availability of the funds" and that he failed "to submit or identify record evidence" satisfying his burden. The district court then certified its grant of summary judgment in favor of the Government and its denial of McClendon's motion for reconsideration for immediate interlocutory appeal under Rule 54(b). McClendon timely appealed.

## IV.

This court reviews a grant of summary judgment de novo, applying the same standard as the district court.[5] "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[6] When the nonmovant bears the burden of proof at trial, "the movant may merely point to an absence of evidence, thus shifting to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial."[7] "All reasonable inferences must be viewed in the light most favorable to the party opposing summary judgment, and any doubt must be resolved in favor of the non-moving party."[8]

We typically review the denial of a motion for reconsideration, whether under Rule 54(b) or Rule 59(e), for abuse of discretion.[9] However, when the district court denies a motion to reconsider a grant of summary judgment, but, in doing so, considers any materials attached thereto and still grants summary

---

[5] *In re La. Crawfish Producers*, 852 F.3d 456, 462 (5th Cir. 2017).

[6] FED. R. CIV. P. 56(a).

[7] *In re La. Crawfish Producers*, 852 F.3d at 462.

[8] *Id.* (citations omitted).

[9] *Id.* (citation omitted).

judgment, our review is de novo, as those materials become part of the summary judgment record.[10]

## A.

In our decision in *Austin v. Kroger Texas, L.P.,*[11] issued just weeks after the district court's decision in this matter, we clarified the relationship between Rules 54(b) and 59(e). Whereas Rule 59(e) applies only to final judgments and does not permit consideration of arguments that could have been raised previously, Rule 54(b) applies to interlocutory judgments and permits the district court "to reconsider and reverse its decision for any reason it deems sufficient."[12] We held that when a district court applies the more stringent Rule 59(e) standard in denying a motion to reconsider an interlocutory order, we must vacate and remand "for the district court to reconsider [the] motion for reconsideration under the more flexible Rule 54(b)."[13]

In this case, the district court's summary judgment against McClendon was interlocutory because it did not end the action, as the Government's counterclaim against Stephen remained pending.[14] Rule 54(b), therefore, provided the correct standard for deciding McClendon's motion for reconsideration. If the district court had relied only on its first basis for denying the motion— that McClendon could not raise his limitation of liability argument for the first time in a motion to reconsider under Rule 59(e), we

---

[10] *Id.* at 463 (citation omitted).

[11] 864 F.3d 326 (5th Cir. 2017).

[12] *Id.* at 336 (citation omitted).

[13] *Id.* (citation omitted).

[14] *See* FED. R. CIV. P. 54(b) ("[A]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.").

would be required under *Austin* to vacate the district court's denial of the motion to reconsider and remand for application of the correct standard.[15] However, the district court provided an additional basis for denying the motion. It determined that McClendon's motion to reconsider also failed on the merits because McClendon, at the summary judgment stage and in his motion for reconsideration, "did not disprove the presumption that he was liable for the penalty by accounting for [FPA's] funds and demonstrating that they could not cover the tax obligation."

When the district court denies a motion to reconsider a grant of summary judgment, but considers the evidence attached to the motion in doing so and still grants summary judgment, our review is de novo.[16] As explained more fully below, we respectfully disagree that McClendon failed to demonstrate a genuine issue of material fact as to whether the amount of available, unencumbered funds was insufficient to pay the $4.3 million in assessed penalties.

**B.**

The Internal Revenue Code requires businesses to withhold from their employees' paychecks their employees' federal income taxes and social security contributions.[17] Businesses must then hold the funds "in trust" for the United States.[18] Because there is no general requirement that the funds be segregated from the employer's general funds, "the funds accumulated during the quarter

---

[15] *See Austin*, 864 F.3d at 337.

[16] *In re La. Crawfish Producers*, 852 F.3d at 462.

[17] *See* 26 U.S.C. §§ 3102(a) (relating to deduction of FICA taxes), 3402(a) (relating to withholding tax on wages applicable to individual income taxes).

[18] 26 U.S.C. § 7501(a).

can be a tempting source of ready cash."[19] Failing to withhold or remit the funds can result in civil and criminal penalties.[20]

As stated above, this case concerns the penalty provision set forth in 26 U.S.C. § 6672, which provides in relevant part:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.[21]

Importantly, § 6672 does not penalize the business entity itself; it penalizes the business's "officers or employees" who were (1) "responsible for effectuating the collection and payment of trust-fund taxes" but who (2) "willfully fail[ed] to do so."[22] Those individuals are "made personally liable to a 'penalty' equal to the amount of the delinquent taxes,"[23] which the IRS then assesses and collects from them "in the same manner as taxes."[24]

In cases under § 6672, "once the Government offers an assessment into evidence, the burden of proof is on the taxpayer to disprove his responsible-person status or willfulness."[25] This rule applies when the Government initiates the action by filing suit to convert the assessment into a judgment and when the taxpayer initiates the action by filing suit for a refund and the Government counterclaims, as in this case.[26]

---

[19] *Slodov v. United States*, 436 U.S. 238, 243 (1978).

[20] *See* 26 U.S.C. §§ 6672, 7202.

[21] 26 U.S.C. § 6672(a).

[22] *Slodov*, 436 U.S. at 244–45.

[23] *Id.* at 245.

[24] 26 U.S.C. § 6671(a). Responsible persons are jointly and severally liable, *Brown v. United States*, 591 F.2d 1136, 1142 (5th Cir. 1979), and they may seek contribution from each other, 26 U.S.C. § 6672(d).

[25] *Barnett*, 988 F.2d at 1453 (citations omitted).

[26] *See Morgan v. United States*, 937 F.2d 281, 285 (5th Cir. 1991).

No. 17-20174

This Court "generally takes a broad view of who is a responsible person" in a § 6672 case.[27] The crucial inquiry when determining whether someone is a "responsible person" is "whether the person had the 'effective power' to pay the taxes."[28] In the district court, McClendon conceded that he was a responsible person under § 6672.

"Willfulness under § 6672 requires only a voluntary, conscious, and intentional act, not a bad motive or evil intent."[29] It may be proved in two ways. First, willfulness may be proved by evidence that the responsible person (1) had actual knowledge that the business was delinquent on its withholding taxes but (2) used the business's unencumbered funds to pay the business's non-IRS creditors anyway.[30] Funds are considered "encumbered" if they are "subject to restrictions imposed by a creditor holding a security interest in the funds which is superior to any interest claimed by the IRS," and "those restrictions preclude a taxpayer from using the funds to pay the trust fund taxes."[31] When willfulness is founded upon this method, the responsible person's liability under § 6672 is limited to the amount of "available, unencumbered funds deposited into [the business's] bank accounts after [the responsible person] became aware that the accrued withholding taxes were due."[32]

---

[27] *Barnett*, 988 F.2d at 1454 (internal quotation marks and citations omitted).

[28] *Id.* (citations omitted).

[29] *Id.* at 1457 (citations omitted).

[30] *Id.*

[31] *Id.* at 1458 (quoting *Honey v. United States*, 963 F.2d 1083, 1090 (8th Cir. 1992)).

[32] *Id.* at 1459; *see Mazo*, 591 F.2d at 1155 (noting that "responsible persons are subject to a duty to apply any available unencumbered funds to reduction of accrued withholding tax liability") (citations omitted); *see also United States v. Kim*, 111 F.3d 1351, 1357 (7th Cir. 1997) (stating that "[t]he one limitation . . . is that the person is only liable to the extent that 'unencumbered funds' are available or acquired after the time in which that person becomes aware") (citation omitted).

No. 17-20174

Willfulness may also be proved by evidence that "the responsible person act[ed] with a reckless disregard of a known or obvious risk that trust funds [would] not be remitted to the Government."[33] A responsible person, for example, acts with reckless disregard "by failing to investigate or to correct mismanagement after being notified that withholding taxes have not been duly remitted."[34]

## C.

On appeal, McClendon reasserts the argument he raised in his motion for reconsideration. He argues that the district court, at most, could have granted summary judgment in the amount of $100,000 because that was the amount of available, unencumbered funds paid to non-IRS creditors after he became aware of the unpaid taxes. Although McClendon also reasserts his contention that his $100,000 loan to FPA was encumbered because its use was restricted to the May 2009 payroll, McClendon fails to challenge the district court's reasons, which we find persuasive, for concluding that the funds were not encumbered under the jurisprudence interpreting § 6672. Because McClendon fails to identify any error in the district court's legal analysis on this issue, it "is the same as if he had not appealed that [part of the] judgment."[35] Accordingly, we affirm the district court's determination that McClendon's $100,000 loan was unencumbered for purposes of § 6672 liability. However, we vacate the remainder of the summary judgment because there is a genuine issue of material fact as to whether FPA had $4.3 million in available, unencumbered funds after McClendon learned of the unpaid taxes.

As detailed above, in moving for summary judgment, the Government submitted certified copies of the IRS's § 6672 assessments against McClendon

---

[33] *Mazo*, 591 F.2d at 1155 (citations omitted).

[34] *Id.* (citations omitted).

[35] *Brinkmann v. Dallas County Deputy Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

for all twenty-one quarters at issue, which amounted to approximately \$4.3 million. The burden of proof then shifted to McClendon to come forward with competent summary judgment evidence establishing an issue of material fact warranting trial[36] regarding whether he was a responsible person or acted willfully under § 6672.[37] A responsible person's liability under § 6672 is limited to the amount of "available, unencumbered funds deposited into [the business's] bank accounts after [the responsible person] became aware that the accrued withholding taxes were due."[38] Although the jurisprudence is unclear whether this liability limitation constitutes an affirmative defense, it comes into play under the willfulness inquiry and, thus, is part of the taxpayer's burden of proof.

McClendon testified in his deposition and in his affidavit that, as soon as the board of directors of FPA discovered that the payroll taxes were unpaid, FPA stopped paying its creditors and vendors. He testified that, to avoid using any of FPA's existing or future funds, and to ensure that FPA's staff employees received their payroll checks in May 2009, he and his wife loaned FPA \$100,000.[39] He further testified that FPA remitted all existing receivables and any new receivables it subsequently received directly to the IRS. McClendon additionally testified that the amount of receivables FPA paid the IRS totaled over \$400,000, and that FPA also turned over to the IRS \$250,000 in insurance proceeds it received on the insurance claim it filed for employee theft.[40] In

---

[36] *In re La. Crawfish Producers*, 852 F.3d at 462.

[37] *Barnett*, 988 F.2d at 1453.

[38] *Id.* at 1459.

[39] In addition, McClendon and his two fellow board members created a separate company, MST Interests, L.L.C., to use their own personal funds to pay FPA's non-IRS creditors. Whether such funds should be considered as part of FPA's available, unencumbered funds was not addressed by the district court.

[40] FPA also issued a check for \$2,000 to its 401(k) plan manager (John Hancock Insurance Company) and a check for \$1,840.42 to Dr. James Trippett. McClendon contended that these funds did not belong to FPA, but related to FPA's 401(k) plan and were erroneously

No. 17-20174

addition to his affidavit and his deposition testimony, McClendon submitted copies of checks made out to the IRS for $161,634.77 dated July 31, 2009, and for $134,880.11[41] dated February 8, 2010, totaling $296,514.88, which was just under the closing balance of $296,772.28 available in FPA's account at the end of July 2009. McClendon also submitted a copy of a check payable to the IRS for $274,749.31 dated August 10, 2010.

The district court's decision indicates that it believed that McClendon was required to provide an "accounting for Family Practice's funds" in order to satisfy his burden on summary judgment. A recent decision from the Eleventh Circuit, *United States v. Stein,*[42] is on point. In that case, the court held that, even in a tax case where the Government's tax assessments are presumptively correct, the standard summary judgment rules set forth in Rule 56 apply.[43] Specifically, the court held that a taxpayer's self-serving and uncorroborated, but not conclusory, statements in an affidavit or deposition can create an issue of material fact with respect to the correctness of the Government's assessments.[44] The court further held that if there is any corroboration requirement for a taxpayer's self-serving testimony, it must come from a source other than Rule 56.[45]

We can find no such corroboration requirement under § 6672. Although, as the Government acknowledged during oral argument, § 6672 provides for a harsh remedy against taxpayers such as McClendon, who was just as much a victim of Stephen's criminality as the Government, the statute does not

---

deposited into FPA's account. Whether these funds should be considered as part of FPA's available, unencumbered funds was also not addressed by the district court.

[41] The amount of this check was just under the closing balance of $137,314.88 available in FPA's account at the end of August 2009.

[42] 881 F.3d 853 (11th Cir. 2018).

[43] *Id.* at 856-57.

[44] *Id.*

[45] *Id.* at 858.

supplant the evidentiary burdens applicable in a summary judgment proceeding. We conclude that McClendon came forward with competent summary judgment evidence establishing an issue of material fact warranting trial regarding whether the amount of available, unencumbered funds was sufficient to cover FPA's tax obligation. Therefore, the district court's summary judgment imposing over $4.3 million in penalties must be vacated.

The Government asserts that this Court may affirm the district court's summary judgment on an alternative basis. It contends that it is entitled to summary judgment on its claim that McClendon evidenced willfulness through "reckless disregard of a known or obvious risk that trust funds may not be remitted to the Government." However, the district court did not reach the merits of this argument in granting summary judgment. The district court should have an opportunity to consider the merits of the Government's reckless disregard argument in the first instance, and it will have that opportunity upon remand.

For the foregoing reasons, we REVERSE the denial of the motion for reconsideration, AFFIRM IN PART and VACATE IN PART the summary judgment, and REMAND the case for further proceedings consistent with this opinion.

No. 17-20174

EDITH H. JONES, Circuit Judge, concurring:

I am pleased to concur in Judge Davis's opinion. I add two observations. First, I don't see how, under the circumstances before us, the district court could rule on now-deceased Dr. McClendon's "reckless" disregard of his tax duties as a matter of law. Given that he and his partners employed Stephen for a decade before the CPA started embezzling, their reliance on his handling of their business affairs seems at least plausible. Second, it takes some chutzpah for the IRS, which submitted 285 pages of exhibits including FPA business records in support of summary judgment, now to assert McClendon did not bear "his" burden to articulate precisely how those records demonstrated whether there were insufficient funds to cover the unpaid withholding taxes and whether all available receipts were in fact paid to the IRS. Is it too much to assume the tax collectors can read bank and financial records adeptly, and that ethically, they wouldn't make claims without factual foundations of which they ought to be aware? To challenge the legal consequences of McClendon's $100,000 cash infusion is one thing; to claim, in the face of his sworn affidavit and documents, and their own access to corroborative financial records, that this isn't enough to raise a fact issue is irresponsible at best.

17

No. 17-20174

STEPHEN A. HIGGINSON, Circuit Judge, dissenting:

I fail to see how the majority opinion's analysis justifies its chosen disposition of the appeal. The majority opinion affirms the primary legal ground the district court gave for granting summary judgment in the Government's favor, and takes no issue with the district court's (correct) alternative holding. *Compare McClendon v. United States*, No. 4:15-cv-2664, 2016 WL 6804864, at *3–4 (S.D. Tex. Nov. 17, 2016), *with ante* at 13. But the majority nonetheless "vacates" the grant of summary judgment because of an argument the majority agrees McClendon never raised in the original summary judgment briefing. *See ante* at 4–5, 13–15. "Although on summary judgment the record is reviewed *de novo*, this court, for obvious reasons, will not consider evidence or arguments that were not presented to the district court for its consideration in ruling on the motion." *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 (5th Cir. 1992). Because I would not require the district court to anticipate and construct arguments on the nonmovant's behalf, I would affirm the district court's grant of summary judgment on the legally correct grounds stated in that order.

The majority opinion also "reverses" the district court's order denying reconsideration, apparently because that order applied the wrong legal standard. *Ante* at 9–10, 16. I agree that under *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336–38 (5th Cir. 2017), the district court erred in relying on Rule 59(e). But I would administer the remedy dictated by *Austin*—that is, "vacate . . . and remand for the district court to reconsider [the] motion for reconsideration under the more flexible Rule 54(b)," giving the district court "discretion" to consider late-raised arguments (or not) based on the equities of the situation. *Id*. at 337. To the extent that the majority opinion is *requiring* the district court to consider the late-raised argument, the majority opinion

vitiates the district court's inherent discretion under Rule 54(b) "to reconsider and reverse its decision for any reason *it deems sufficient*," *id.* at 336 (emphasis added), and prevents the district court from enforcing its own deadlines for filing and opposing motions.

I would affirm the district court's grant of summary judgment, vacate the district court's denial of reconsideration, and remand for the district court to apply the correct Rule 54(b) standard. Because the majority takes a different path, I respectfully dissent.