# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50450
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 4, 2019

Lyle W. Cayce
Clerk

LISA L. WATSON,

     Plaintiff - Appellant

v.

MARK ESPER, Secretary, Department of the Army,

     Defendant - Appellee

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:17-CV-01280

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Lisa Watson, proceeding pro se, filed suit against Mark Esper, Secretary of the Department of the Army, in his official capacity, claiming race discrimination, retaliation, and hostile work environment. The district court granted summary judgment to the defendant on all claims. We AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50450

## I. Background

Lisa Watson, an African American, began her term appointment as a Medical Records Administrative Specialist for the Army in June 2012, her term to end on June 17, 2015. She struggled in her job from the beginning. After failing an initial quality assurance review, she was given ninety days to earn a passing score. She never did.[1] The Army then placed her on a performance improvement plan ("PIP"), but even after weekly meetings with supervisors, one-on-one trainings with audit specialists, and practice audits, Watson's work product did not pass muster. Citing her subpar performance, the defendant terminated Watson on July 19, 2013.

While employed and after her termination, Watson applied to three permanent positions in the Army, but each application was rejected. On January 10, 2013, the Army also denied Watson's request to attend professional training, determining she had to first meet her productivity goals. That same day, Watson contacted the Equal Employment Opportunity Commission ("EEOC") to complain of harassment and a hostile work environment. She filed a formal complaint two months later.

Watson eventually filed the instant action, alleging employment discrimination, retaliation, and harassment in violation of Title VII of the Civil Rights Act.[2] The district court dismissed Watson's claims on summary judgment. She now appeals. She also filed a motion for immediate release of back pay with interest.

---

[1] Watson underwent three performance reviews but never achieved the required accuracy standard of 93% on her assessments. She fared no better in her "live" audit; amongst the litany of errors committed, she incorrectly copy-and-pasted a generic error message 140 times.

[2] 42 U.S.C. § 2000e.

2

No. 19-50450

## II. Analysis

### A. Title VII Claims

We review a district court's grant of summary judgment de novo.[3] Summary judgment is appropriate when there exists no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law.[4]

### 1. Discrimination Claim

Title VII prohibits employment discrimination against any individual on the basis of race.[5] A plaintiff may establish a prima facie case of discrimination by presenting direct evidence of discrimination or by relying on circumstantial evidence using the *McDonnell Douglas* burden-shifting analysis.[6] Under this analysis, the plaintiff must show: "(1) she is a member of a protected class, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) others similarly situated were more favorably treated."[7] Once that is established, the employer has the burden of establishing a legitimate, nondiscriminatory reason for the adverse employment action.[8] The burden then again shifts back to the employee, who must produce "substantial evidence" that the reason offered was in fact pretext for discrimination.[9]

The district court based its summary judgment dismissal of Watson's claims on her inability to establish a prima facie case of discrimination and her failure to rebut her employer's nondiscriminatory reason for its action. On appeal, Watson argues she has shown a genuine issue of material fact that she was the subject of discrimination, citing to a long list of incidents. Watson

---

[3] *Lamb v. Ashford Place Apartments L.L.C.*, 914 F.3d 940, 943 (5th Cir. 2019).

[4] FED. R. CIV. P. 56(a).

[5] 42 U.S.C.A. § 2000e-2(a)(1).

[6] *Wittmer v. Phillips 66 Co.*, 915 F.3d 328, 332 (5th Cir. 2019).

[7] *Willis v. Coca Cola Enterprises, Inc.*, 445 F.3d 413, 420 (5th Cir. 2006) (quoting *Rutherford v. Harris Cty., Tex.*, 197 F.3d 173, 184 (5th Cir. 1999)).

[8] *Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004).

[9] *Id.*; *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589, 593 (5th Cir. 2007).

challenges (1) her termination and (2) the Army's rejection of her various job applications as discriminatory adverse employment actions.[10]

Even if this court were to accept Watson's assertions that she has established a prima facie case of discrimination, she still fails to rebut the Army's reasons as pretextual. The Army made clear to Watson that her performance was subpar, and it offered her ample opportunity to meet its required thresholds. Yet she repeatedly failed to meet preestablished accuracy standards, as evidenced by her assessments and performance on her PIP. Her shortcomings provide a nondiscriminatory explanation as to both the Army's decision to terminate her employment and its decision to hire other candidates for the various positions to which she applied. Because Watson offers no evidence to rebut the Army's reasons, summary judgment is appropriate.[11]

## 2. Retaliation Claim

Watson next argues that she established a prima facie case of retaliation. She contends the training she underwent, coupled with her rejected job applications, constitutes retaliation. Her claim fails as a matter of law.

Title VII forbids employers from retaliating against employees who report workplace discrimination. The elements of a prima facie retaliation claim are: (1) the plaintiff engaged in protected activity, (2) the employer knew about the protected activity, and (3) the employer retaliated against the employee because of the protected activity.[12] The same *McDonnell Douglas* burden-shifting framework then applies.[13]

Once again, even if this court were to accept that Watson has established a prima facie case of retaliation, the defendant has provided a legitimate, non-

---

[10] *McCoy v. City of Shreveport*, 492 F.3d 551, 559 (5th Cir. 2007).

[11] Watson admits in her brief that the Army explained to her she was terminated "because [she] failed the PIP" without explaining how the reason was pretextual.

[12] *Garcia v. Prof'l Contract Servs., Inc.*, 938 F.3d 236, 241 (5th Cir. 2019).

[13] *Id.*

retaliatory basis for its behavior. Watson has not shown that the Army fired her for reasons other than her subpar work performance. "'[C]onclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy' the nonmovant's burden in a motion for summary judgment."[14] A reasonable factfinder could not conclude that she would not have been fired and passed over for positions but for her decision to engage in activity protected by Title VII.

### 3. Harassment Claim

Under Title VII, to establish a claim of hostile work environment, Watson must show (1) she belongs to a protected group, (2) she was subjected to unwelcome harassment, (3) the harassment was based on race, (4) the harassment affected a term, condition, or privilege of employment, and (5) the Army knew or should have known of the harassment and failed to take prompt remedial action.[15] To survive summary judgment, Watson must show the alleged harassment was "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[16]

No one disputes that Watson, as an African American, belonged to a protected group. Yet she fails to show she was subjected to unwelcome harassment, or that the alleged harassment was based on race. While Watson points to several incidents that she believes establish harassment, she fails to show how these incidents—such as not being able to attend a training and being placed on a PIP—were tied to her race. Furthermore, these incidents are neither sufficiently severe nor pervasive to amount to an abusive working

---

[14] *Ramsey v. Henderson*, 286 F.3d 264, 269 (5th Cir. 2002) (quoting *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc)).

[15] *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012).

[16] *Id.* (internal citation and quotation marks omitted).

environment.[17] For the foregoing reasons, summary judgment was appropriate.

## B. Motion to Reconsider

Lastly, Watson argues the district court erred in denying her motion to reconsider. "[W]hen the district court denies a motion to reconsider a grant of summary judgment, but, in doing so, considers any materials attached thereto and still grants summary judgment, our review is de novo, as those materials become part of the summary judgment record."[18] Watson argues the district court improperly excluded recordings, which validate her claims. These recordings, however, do not support Watson. If anything, the tapes provide further evidence that the Army's reasons for her termination were not pretextual. The district court properly rejected Watson's motion to reconsider.

### III. Conclusion

For these reasons, the judgment of the district court is AFFIRMED. Watson's motions filed on October 1, 2019 are DENIED.

---

[17] *See Ramsey*, 286 F.3d at 269 (5th Cir. 2002) (finding various "vague assertions of racial animus" insufficient absent more concrete, specific incidents).

[18] *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).