# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
December 14, 2020

Lyle W. Cayce
Clerk

No. 20-30193

Damon Ryan; Brian Bilbo,

*Plaintiffs—Appellants*,

*versus*

Phillips 66; Westlake Chemical Corporation,

*Defendants—Appellees*,

consolidated with

No. 20-30195

Greg Harrison; Brian Thomas; Skipper Thomas, Jr.,

*Plaintiffs—Appellants*,

*versus*

Phillips 66; Westlake Chemical Corporation,

*Defendants—Appellees*.

Appeal from the United States United States District Court
for the Western District of Louisiana
USDC No. 2:19-CV-1095
USDC No. 2:19-CV-1092

Before STEWART, DUNCAN, and WILSON, *Circuit Judges*.

PER CURIAM:*

In these two consolidated cases, Plaintiffs-Appellants Damon Ryan and Brian Bilbo ("Ryan Plaintiffs"), as well as Greg Harrison, Brian Thomas, and Skipper Thomas ("Harrison Plaintiffs"), appeal the district court's judgments in a workplace tort claim. The district court granted Defendant-Appellee Westlake Chemical Corporation's motions to dismiss and denied Plaintiffs' motions for reconsideration. We AFFIRM.

## I. FACTS & PROCEDURAL HISTORY

Plaintiffs all allege that they suffered injuries as a result of a power outage on August 22, 2018. This power outage allegedly caused facilities operated by Phillips 66 and Westlake Chemical Corporation to release chemicals into the air. At the time of the accident, all plaintiffs were working at a plant owned by Sasol North America. The Ryan Plaintiffs were employed by Cajun Industries L.L.C., and the Harrison Plaintiffs were employed by Turner Industries Group.

On August 20, 2019, the Ryan Plaintiffs filed a federal lawsuit against Phillips 66, Westlake, Sasol North America, and Cajun Industries. On the same date, the Harrison Plaintiffs filed a similar lawsuit against the same defendants, except Cajun Industries was replaced by Turner Industries in

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

that suit. None of these defendants were served in either case until September of 2019.

In the Ryan suit, Cajun Industries, a Louisiana citizen like the Plaintiffs, moved to dismiss under Fed R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction because Cajun was a non-diverse defendant. In the Harrison suit, Turner Industries filed an answer noting that it was a Louisiana corporation and pointing out that Plaintiffs did not allege their citizenship. All the plaintiffs filed motions to voluntarily dismiss Cajun Industries, Turner Industries, and Sasol North America (which had unknown citizenship) in order to ensure subject matter jurisdiction. Plaintiffs in both cases then amended their complaints to clarify that Westlake and Phillips 66 were the only remaining defendants.

In both cases, Westlake then filed a motion to dismiss under Fed. R. Civ. P. 12(b)(6), claiming that the suit was "prescribed," or time-barred. The district court agreed and granted Westlake's motions. Plaintiffs in both cases moved for reconsideration. The district court denied their motions, refusing to consider arguments that Plaintiffs had failed to raise previously. Plaintiffs now appeal.

## II. Standard of Review

We review a district court's grant of a motion to dismiss de novo. *See Firefighters' Ret. Sys. v. Grant Thornton, L.L.P.*, 894 F.3d 665, 669 (5th Cir. 2018). A court may dismiss an action under Rule 12(b)(6) if "it is evident from the plaintiff's pleadings that the action is [time-]barred and the pleadings fail to raise some basis for tolling[.]" *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003). The standard of review for a denial of a motion for reconsideration is for abuse of discretion. *McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

## III. Discussion

*(i) Prescription*

Plaintiffs argue that their claims are not prescribed. In Louisiana, "liberative prescription" is a method of barring a claim after a certain amount of time that is akin to a statute of limitations. La. Civ. Code art. 3447. Tort claims must be brought within a year of the day of injury. *Id.* art. 3492. Prescription can be "interrupted," which stops the running of the clock, "when the obligee commences action against the obligor, in a court of competent jurisdiction and venue." *Id.* art. 3462. An action commenced in an "incompetent" court only interrupts prescription as to defendants served within the prescriptive period. *Id.* The district court granted Westlake's motions to dismiss, noting that no defendant was served within the one-year limitations period and that the court's initial lack of subject matter jurisdiction prevented the lawsuit from interrupting prescription.

Plaintiffs contend that their amended complaint, in which there is complete diversity, relates back under Fed. R. Civ. P. 15(c) to the date of the filing of the original complaint, which was within the prescriptive period. They argue that this original complaint effectively interrupted prescription. We disagree. Under Fed. R. Civ. P. 15(c), an amended complaint relates back to the date of the original pleading when "the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading." Plaintiffs' amended complaints do successfully assert claims arising out of the same occurrence described in the original pleadings. However, Rule 15 was not designed to cure a failure to effect proper service of process.

"When sitting in diversity, we apply the state's statutes of limitation and accompanying tolling rules." *Bloom v. Aftermath Pub. Adjusters, Inc.*, 902

F.3d 516, 517 (5th Cir. 2018). Louisiana's prescription statute is clear that if a claim is filed in an "incompetent" court, prescription is interrupted "only as to a defendant served by process within the prescriptive period." LA. CIV. CODE art. 3462. An incompetent court includes one that lacks subject matter jurisdiction. *See* LA. CODE CIV. PROC. art. 5251(4). The federal district court where Plaintiffs filed their case initially lacked subject matter jurisdiction and was therefore incompetent. Under the statute, Plaintiffs were required to serve defendants within one year of the incident.

The statute does not allow plaintiffs to cure initial incompetence in order to negate the service requirement. This is evident from the text of the statute itself, as well as from Louisiana state court cases. For example, in *Rasheed v. Pace*, 489 So.2d 488, 488–89 (La. Ct. App. 1986), plaintiffs filed suit against several defendants, including a municipality. They did so in a city court, which lacked subject matter jurisdiction over municipalities. *Id.* The dismissal of the municipality from the action "did not cure the situation" and the court held that the claim was prescribed because defendants were not served within the one-year period. *Id.* Rule 15 cannot circumvent Louisiana's statutory requirement of either filing in a court of competent jurisdiction or serving defendants within one year. While Rule 15 is an appropriate vehicle to "remedy inadequate jurisdictional allegations, it cannot remedy defective jurisdictional facts." *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (also noting that "[t]he danger against which a court must guard is that a party will attempt to use [relation back] to retroactively create subject matter jurisdiction") (internal quotation marks omitted); *see also White v. Louisiana*, 178 F.3d 1291, at *2 (5th Cir. 1999) (unpublished) (holding relation back to be futile as the proposed amendment "could only relate back to a date on which the court lacked jurisdiction").

Plaintiffs rely on *Brown v. Texas & P.R. Co.*, which held that an amended complaint that cures an initial lack of subject matter jurisdiction

relates back to the filing of the original complaint and therefore interrupts prescription. 392 F. Supp. 1120, 1124–25 (W.D. La. 1975). We disagree with the district court's conclusion in that case for the aforementioned reasons and we decline to follow it here. Plaintiffs also point to *Ray v. Alexandria Mall*, 434 So.2d 1083, 1084 (La. 1983), which held that a plaintiff's amended petition reflecting the proper defendant related back under Louisiana's relation back statute and was therefore within the prescriptive period. However, that case dealt with a situation where there was a mistake of identity regarding the proper defendant. *Id.* The court noted that the Louisiana statute was analogous to Rule 15 and noted that the mistaken identity situation was of the type intended to be remedied by Rule 15. *Id.* at 1087. That case is therefore inapplicable.

While Rule 15 could apply procedurally to allow an amended complaint such as this one to relate back in some cases, Rule 15 was not designed to supersede substantive service of process requirements. The district court was correct in holding that the amended complaint did not relate back in this case.

### (ii) Denial of the Motion for Reconsideration

Plaintiffs contend that the district court erroneously denied their motions for reconsideration, as the arguments raised therein have merit, although they were not raised previously. The district court considered their motions under Fed. R. Civ. P. 59(e) and 60(b). These rules are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Because the claims against Phillips 66 remained pending, the district court's dismissal of Westlake was interlocutory in both cases. Fed. R. Civ. P. 54(b) governs review of interlocutory orders. While Rules 59(e) and 60(b) "do[] not permit

consideration of arguments that could have been raised previously," Rule 54(b) permits the district court "to reconsider and reverse its decision for any reason it deems sufficient." *McClendon,* 892 F.3d at 781. Normally, "when a district court applies the more stringent Rule 59(e) standard in denying a motion to reconsider an interlocutory order, we must vacate and remand for the district court to reconsider the motion for reconsideration under the more flexible Rule 54(b)." *Id.* (cleaned up).

However, Plaintiffs never argued on appeal that the district court applied the wrong standard.[1] Issues not briefed on appeal are abandoned. *See Cinel v. Connick*, 15 F.3d 1338, 1345 (5th Cir. 1994). As this claim is forfeited, we hold that the district court did not abuse its discretion in denying Plaintiffs' motion for reconsideration.

## IV. Conclusion

For the aforementioned reasons, we AFFIRM the district court's grant of Westlake's motions to dismiss and denial of Plaintiff's motions for reconsideration.

---

[1] Additionally, while Plaintiffs mentioned Rule 54 in passing in their motions for reconsideration, all Plaintiffs entitled their motions for reconsideration "Memorandum in Support of Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. Rule 59(e)."