# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 7, 2022

Lyle W. Cayce
Clerk

No. 20-40642

WANDA L. BOWLING,

*Plaintiff—Appellant*,

*versus*

LESTER JOHN DAHLHEIMER, JR., *Estate*; LESTER JOHN DAHLHEIMER, SR., *Estate*; PAULETTE MUELLER, *in her Official and Individual Capacity*; JUDGE PIPER MCCRAW, *in her Official and Individual Capacity*; GREG WILLIS, *in his Official and Individual Capacity*; CRAIG A. PENFOLD, *in his Official and Individual Capacity*; JUDGE DAVID EVANS, *in his Official and Individual Capacity*; RHONDA CHILDRESS-HERRES, *in her Official and Individual Capacity*; CLERK OF THE COURT, 5TH DISTRICT COURT OF APPEALS,

*Defendants—Appellees*.

Appeal from the United States United States District Court
for the Eastern District of Texas
USDC No. 4:18-CV-610

No. 20-40642

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Wanda L. Bowling filed a civil rights complaint against her former spouse, Lester John Dahlheimer, Jr. (Dahlheimer); Elizabeth Dahlheimer, Executrix of the Estate of Lester John Dahlheimer, Sr. (Dahlheimer, Sr.); Dahlheimer's divorce counsel, Paulette Mueller; state judge Piper McCraw; district attorney Greg Willis; state appellate judge David Evans; the state Fifth District Court of Appeals Clerk of the Court (Clerk of Court); and court-appointed receivers, Craig A. Penfold and Rhonda Childress-Herres. Bowling asserted that Dahlheimer misappropriated her assets and that the remaining defendants unlawfully participated in the divorce itself or in subsequent related proceedings. The defendants' motions to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) were granted, and the lawsuit was dismissed. Bowling has appealed.

*Judicial Bias*

As a preliminary matter, Bowling complains that Magistrate Judge Nowack was unfairly biased. Bowling complains that Magistrate Judge Nowack and Judge McGraw serve together on the Collin County Women Lawyers Association, and that many of Magistrate Judge Nowack's recommendations were unfavorable to her. Under 28 U.S.C. § 455, a judge is required to recuse herself from any proceeding in which her impartiality might reasonably be questioned. But a judge's adverse rulings are not enough to show bias. The defendant must come forward with additional evidence of such a high degree of antagonism as to make fair judgment impossible. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor does Bowling cite any

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

case, or give any reason, why Magistrate Judge Nowack's professional relationship with Judge McGraw made her unable to act impartially in this case. Therefore, these judges' failure to recuse themselves was not an abuse of discretion. *See United States v. Mizell*, 88 F.3d 288, 299 (5th Cir. 1996).

### *Motions for Reconsideration*

Bowling contends that the district court erred in applying Federal Rule of Civil Procedure 54(b) rather than Rule 60 in disposing of her Motions for Relief from Judgment or Order. Rule 54(b) provides, inter alia, that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). Under this rule, "the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law." *Austin v. Kroger Texas, L.P.*, 864 F.3d 326, 336 (5th Cir. 2017) (internal quotation marks and citation omitted). Because the district court had not entered a final judgment, the court correctly applied the more lenient standard in Rule 54(b) in ruling on Bowling's motions for reconsideration. *See McClendon v. United States*, 892 F.3d 775, 781 (5th Cir. 2018).

### *Amendment of Complaint*

The district court struck Bowling's first amended complaint, concluding that it was untimely and was filed without the consent of the defendants and without seeking leave of court. Bowling contends that she was permitted to amend her complaint once as a matter of right under Federal Rule of Civil Procedure 15(a)(1)(B) because the amended complaint was filed within 21 days of the filing of Dahlheimer, Sr.'s motion to dismiss. But the

21-day period to file an amended complaint as of right begins after the first defendant files a responsive pleading. *See* Fed. R. Civ. P. 15 advisory committee's note to 2009 amendment; *Barksdale v. King*, 699 F.2d 744, 747 (5th Cir. 1983); *Williams v. Bd. of Regents of Univ. Sys. of Georgia*, 477 F.3d 1282, 1292 (11th Cir. 2007); *Villery v. District of Columbia*, 277 F.R.D. 218, 219 (D.D.C. 2011); *Rubinstein v. Keshet Inter Vivos Tr.*, No. 17-61019-CIV, 2017 WL 7792570, at *3 (S.D. Fla. Oct. 18, 2017); *Williams v. Black Entm't Television, Inc.*, No. 13-CV-1459, 2014 WL 585419, at *3–4 (E.D.N.Y. Feb. 14, 2014). Because Bowling filed her amended complaint outside of this window, she could not amend as of right and needed leave of court to file an amended complaint. For the reasons discussed below, the district court did not abuse its discretion in striking her first amendment complaint because various doctrines prevented Bowling from stating a claim against any of the defendants. *See Aldridge v. Mississippi Dep't of Corr.*, 990 F.3d 868, 878 (5th Cir. 2021) (noting that district courts may deny leave to amend if amendment would be futile); Fed. R. Civ. P. 15(2).

*Dismissal under Rule 12(b)(1) and (b)(6)*

We review a district court's dismissal under Rules 12(b)(1) and (b)(6) de novo, and jurisdictional challenges should be resolved prior to reaching the merits. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). Under Rule 12(b)(1), a party may move to dismiss a complaint on the ground that the district court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "The district court must dismiss [an] action if it finds that it lacks subject matter jurisdiction." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011) (citing Fed. R. Civ. P. 12(h)(3)).

Under Rule 12(b)(6), a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P.

12(b)(6). A plaintiff fails to state a claim upon which relief can be granted when the claim does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When reviewing a dismissal for failure to state a claim, "[w]e accept all well-pleaded facts as true and view those facts in the light most favorable to the plaintiff." *Whitley v. Hanna*, 726 F.3d 631, 637 (5th Cir. 2013). We will "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (internal quotation marks and citation omitted).

The district court determined that the official-capacity claims against Judge McCraw, Judge Evans, the Clerk of Court, and Willis were barred by sovereign immunity. Bowling's contention that these defendants are not state actors is meritless. *See Esteves v. Brock*, 106 F.3d 674, 677–78 & n.8 (5th Cir. 1997); *Holloway v. Walker*, 765 F.2d 517, 525 & n.7 (5th Cir. 1985); *see also* Tex. Gov't Code §§ 22.206, 24.642. Although Bowling correctly asserts that the Eleventh Amendment does not bar suits for injunctive or declaratory relief, *see Raj v. Louisiana State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013), she has identified nothing in the record showing an ongoing violation of federal law by these parties that could support an injunction. You can't enjoin the past. You can only receive damages for harm done in the past. And the Eleventh Amendment bars such a suit for damages against state actors.

The district court determined that Bowling's claims against Judge McCraw, Judge Evans, the Clerk of Court, Mueller, Dahlheimer, Penfold, Childress-Herres, and Dahlheimer, Sr., were barred under the *Rooker-Feldman*[1] doctrine. The *Rooker-Feldman* doctrine bars federal courts from

---

[1] *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

hearing challenges to state-court judgments *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Truong v. Bank of Am., N.A.*, 717 F.3d 377, 384 (5th Cir. 2013). Put simply, litigants can't appeal unfavorable state court rulings to federal court, unless Congress specifically authorizes such review. *See Truong*, 717 F.3d at 382. That is what Bowling asked the district court to do. The district court did not err in denying that request—and indeed it would have erred if it did otherwise. *See id.* at 381–83.

The district court also determined that Judges McCraw and Evans were entitled to judicial immunity and that Penfold was entitled to derivative judicial immunity. Bowling has not shown that Judge McCraw's and Judge Evans's actions were nonjudicial in nature or taken in the clear absence of all jurisdiction. *See Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Further, court-appointed receivers such as Penfold "act as arms of the court and are entitled to share the appointing judge's absolute immunity provided that the challenged actions are taken in good faith and within the scope of the authority granted to the receiver." *Davis v. Bayless*, 70 F.3d 367, 373 (5th Cir. 1995); *see also Boullion v. McClanahan*, 639 F.2d 213 (5th Cir. 1981) (recognizing derivative judicial immunity for bankruptcy trustees who act under the supervision of and subject to the orders of the bankruptcy court). Bowling has not shown that the district court erred in dismissing her claims against Judges McCraw and Evans.

Prosecutors also enjoy absolute immunity from suit for actions performed within the scope of their prosecutorial duties. *Imbler v. Pachtman*, 424 U.S. 409, 420–24, 431 (1976). Contrary to Bowling's assertions on appeal, she has not alleged or shown that Willis's actions were investigatory in nature, and she has failed to allege personal involvement by Willis in a constitutional violation. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273–74 (1993); *Bigford v. Taylor*, 834 F.2d 1213, 1220 (5th Cir. 1988). The district court did not err in granting immunity to Willis.

Finally, the district court determined that the claims against Dahlheimer were barred by the doctrine of res judicata, that Bowling's complaint failed to state a claim against Penfold, Childress-Herres, or Dahlheimer, Sr., and that the claims against Willis were time barred. We have reviewed the briefings and the record and see no error in these holdings. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

The district court's judgment is AFFIRMED.